UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **BRENDON PAYNE,**<br>And all others similarly situated,<br>**Plaintiff(s),**<br>v.<br><br>**RIVER ROCKS LLC,**<br>a Florida Limited Liability Company,<br>**THORNADO HOSPITALITY, LLC,**<br>a Florida Limited Liability Company,<br>**MICHAEL C. MELHADO,**<br>Individually and as officer of Thornado<br>Hospitality, LLC., and,<br>**TRACY A. SILVERTHORN,**<br>Individually and as officer of Thornado<br>Hospitality, LLC.<br><br>**Defendants.** | CASE NO.: 6:15-cv-01727-PGB-DAB |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**COMES NOW** Defendants, RIVER ROCKS, LLC, a Florida Limited Liability Company, THORNADO HOSPITALITY, LLC, a Florida Limited Liability Company, MICHAEL C. MELHADO, individually and as officer of THORNADO HOSPITALITY, LLC, and TRACY A. SILVERTHORN, individually and as officer of THORNADO HOSPITALITY, LLC (collectively, the "Defendants"), by and through their undersigned attorney and pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(h)(3), hereby move to dismiss the Complaint filed by Plaintiff, BRENDON PAYNE ("Plaintiff"), and request that judgment be entered against Defendants in accordance with the Federal Rule of Civil Procedure 68 Offer of Judgment previously made upon Plaintiff. The grounds upon which this motion is based, and the substantial matters of law intended to be argued thereon, are set forth in the following memorandum.

1

## MEMORANDUM OF LAW

### Background

Plaintiff has brought a collective action on behalf of himself and those that are allegedly similarly situated against his former employer, River Rocks, LLC, ("River Rocks"), as well as its member-manager, Thornado Hospitality, LLC, and the principals thereof, Michael C. Melhado and Tracey A. Silverthorn, on the grounds that Defendants allegedly failed to pay him a minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 – 219 ("FLSA"). Specifically, Plaintiff claims that $29.20 was wrongfully deducted from Plaintiff's first paycheck for an employee uniform. At the outset, whether the deduction violated the FLSA is not at issue before this Court; for the purposes of this Motion and the Offer, Defendants concede that the erroneous deduction temporarily reduced Plaintiff's pay below minimum wage.

River Rocks is a restaurant located in Brevard County, Florida. Plaintiff was employed by River Rocks as a bartender and server from on or about January 2, 2013 through on or about August 9, 2014. Pursuant to said employment, Plaintiff consented to the deduction from his wages the cost of two polo shirts and one cloth apron, all clothing that was part of Plaintiff's required employee uniform. The total cost of said deduction was $29.20.

In Plaintiff's first workweek (spanning the dates of January 23, 2013 through January 27, 2013), he worked 27.24 hours at a wage of $7.79 per hour, and was first paid on January 31, 2013. The amount of $29.20 was deducted from this first week's pay for Plaintiff's uniform. Although this deduction may have temporarily reduced Plaintiff's wages below the minimum wage, for the more than 82 additional weeks that Plaintiff remained employed by River Rocks, never again was Plaintiff paid less than minimum wage or in violation of the FLSA.

The employment relationship between River Rocks and Plaintiff ultimately soured over a dispute regarding Plaintiff's hourly rate of pay. Plaintiff argues that River Rocks contracted with Plaintiff to pay him a specified hourly rate, while River Rocks maintains that Plaintiff was strictly an at-will employee and no such contract was made. Plaintiff has initiated, and there is currently pending, a state court action against Defendants for alleged breach of employment contract.

It was only during the course of discovery in the state court action that the parties learned that Plaintiff's wages may have been erroneously reduced below minimum wage during his first week's pay by way of the uniform deduction. River Rocks immediately sought to cure the potential error. However, as evidenced by the instant action, Defendants' good faith attempts to remedy the erroneous deduction were ultimately unsuccessful.

In further attempt to conclude this litigation, Defendants then made a Federal Rule of Civil Procedure 68 Offer of Judgment to Plaintiff on November 16, 2014, which provided him complete relief on his claim for damages; the Offer provided for $60.00 in damages, representing the deducted wages and an equal amount for liquidated damages, plus an unspecified amount to Plaintiff for his reasonable attorney's fees and costs on condition that the reasonableness and amount of said fees and costs be subject to determination by this Court. A true and correct copy of the Rule 68 Offer is attached hereto as Exhibit "A". Plaintiff rejected the Offer on November 30, 2015, stating that the Offer failed to provide complete relief, and specifically that the Offer failed to afford Plaintiff injunctive relief in ordering Defendants to stop an alleged practice of deducting employees' wages below minimum wage. The Offer expired on December 3, 2015.

However, Plaintiff has, in fact, been offered full relief. The right to seek injunctive relief under the FLSA *rests exclusively* with the United States Secretary of Labor, and Plaintiff is

therefore barred from making a claim for same. Alternatively, even if Plaintiff could pursue injunctive relief, obtaining such relief would be frivolous as, assuming *arguendo* that Defendants had a practice of unlawfully deducting employees' wages below minimum wage, it is now the policy of Defendants to make no deductions from employees' pay whatsoever.

Because Plaintiff was offered complete relief on his claims and that Offer was rejected, this Court should enter judgment for Plaintiff pursuant to the terms of the unaccepted Offer, and dismiss the Complaint as moot because there is no longer a live controversy with respect to which this Court can give meaningful relief. Plaintiff lacks standing, this Court is without subject matter jurisdiction of the claim, and Plaintiff fails to state a cause of action for relief for such reasons.

### ARGUMENT

I. **This Court may look outside the four corners of the Complaint to determine if standing or subject matter jurisdiction exists.**

Federal courts are courts of limited jurisdiction. *Delgado v. Collecto, Inc.*, No. 8:13-cv-2511-T-33TBM, 2013 WL 6332748, at *2 (M.D. Fla. Dec. 5, 2013). Therefore, a court must zealously insure that jurisdiction exists over a case when the question arises. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction may attack jurisdiction facially or factually. *Morrison v. Amway Corp.*, 232 F.3d 920, 924 n.5 (11th Cir. 2003). A motion to dismiss for lack of standing and for lack of subject matter jurisdiction is a factual attack on jurisdiction when it is based upon a defendant's allegation that an offer of judgment moots a case. *See Neurocare Institute of Central Florida, P.A. v. Healthtap, Inc.*, 8 F.Supp.3d 1362, 1364 (M.D. Fla. 2014).

4

When the attack is factual, the Court may look outside the four corners of the complaint in order to determine if jurisdiction exists. *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 732 (11th Cir. 1982). The court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). For example, the court may consider matters outside the pleadings, such as testimony and affidavits. *Id.*

Moreover, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* A plaintiff also carries the burden of proving facts that establish subject matter jurisdiction. *Tundidor v. Miami-Dade County*, No. 14-23850-CIV, 2015 WL 3539742, *4 (S.D. Fla. June 4, 2015) (*citing OSI, Inc. v. United States*, 285 F.3d 947, 851 (11th Cir. 2002)).

This Motion makes a factual attack on this Court's jurisdiction to entertain Plaintiff's Complaint; the lack of standing and subject matter jurisdiction is conditioned upon the rejection by Plaintiff of the Rule 68 Offer of Judgment which provided Plaintiff full relief on his claims. Thus, this Court may look beyond the four corners of the Complaint in considering whether Plaintiff can make a sufficient showing establishing his standing to proceed on his claims and the subject matter jurisdiction of this Court.

II.  **Plaintiff is barred from seeking injunctive relief.**

Plaintiff is barred from seeking injunctive relief in the instant action because the right to bring an action for injunctive relief under the FLSA rests exclusively with the United States Secretary of Labor. *Powell v. State of Fla.*, 132 F.3d 677, 678 (11th Cir. 1998). In *Powell*, the plaintiff brought a collective action on behalf of himself and other similarly situated plaintiffs

against the State of Florida for back wages for overtime work and for injunctive enforcement of the FLSA. *Id.* The lower court dismissed the plaintiff's claim for injunctive relief holding that such a right is one exclusive to the United States Secretary of Labor. *Id.*

On appeal, the issue of whether an individual can seek injunctive relief under the FLSA in the Eleventh Circuit was one of first impression. *Id.* The Eleventh Circuit answered that question in the negative, following the decisions of other circuits in declining to find such an individual right. The *Powell* court wrote,

> Although this Court has not yet addressed the issue, we follow the decisions of the other circuits which have held that the plain language of the Act provides that the Secretary of Labor has the exclusive right to bring an action for injunctive relief. *See Barrentine v. Arkansas–Best Freight System*, 750 F.2d 47, 51 (8th Cir. 1984) ("only the Secretary is vested with the authority to seek an injunction"); *Morelock v. NCR Corp.*, 546 F.2d 682, 688 (6th Cir. 1976), rev'd on other grounds, 435 U.S. 911 (1978) ("[I]ndividuals are limited to seeking legal remedies and are precluded from obtaining injunctive relief."); *Powell v. Washington Post Co.*, 267 F.2d 651, 652 (D.C. Cir. 1959) ("In so far as plaintiff's prayer relates to action by the Secretary to restrain violations, the answer is that the appeal is to his discretion."); *Roberg v. Phipps Estate*, 156 F.2d 958, 963 (2d Cir. 1946) ("[T]he Administrator has exclusive authority to bring such an [injunction] action."); *Bowe v. Judson C. Burns, Inc.*, 137 F.2d 37, 39 (3d Cir. 1943) ("We think it is plain from this language that the right of the administrator to bring an action for injunctive relief is an exclusive right.")." *Id.*

Given the foregoing, Plaintiff seeks to pursue a remedy in the instant action which he cannot obtain. It is only the United States Secretary of Labor who may make a claim for injunctive relief under the FLSA. Plaintiff's rejection of the Rule 68 Offer for failing to provide for injunctive relief was, therefore, non-meritorious because such relief is a remedy Plaintiff cannot obtain.

### III. Because Plaintiff rejected a Rule 68 Offer providing complete relief, Plaintiff's Complaint is moot and must be dismissed.

This Court has expressly recognized that an unaccepted Rule 68 Offer of Judgment that provides full relief to a plaintiff renders the case moot. *Mackenzie v. Kindred Hospitals East,*

6

*L.L.C.*, 276 F.Supp.2d 1211, 1219 (M.D. Fla 2002) ("The defendant's [Rule 68] offer of full relief therefore rendered this case moot, even though the plaintiff did not accept that offer."). In so holding, this Court endorsed the rationale of Chief Judge Posner in *Greisz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999), quoting:

> "Such an offer, by giving the plaintiff the equivalent of a default judgment (here it was actually larger by $200 than a default judgment would have been, eliminates a legal dispute upon which federal jurisdiction can be based . . . You cannot persist in suing after you've won."

Factually, *Mackenzie* is nearly identical to the instant case. *Mackenzie* involved an FLSA plaintiff who filed an individual and collective action against a defendant for unpaid wages. *Id* at 1213. The defendant subsequently made a Rule 68 offer to plaintiff providing full relief, which the plaintiff rejected. *Id*. The defendant then moved to dismiss the complaint which was granted upon the report and recommendation of the United States Magistrate Judge (same being adopted by the *Mackenzie* Court and set forth in its order). Judgment was entered in favor of the plaintiff in accordance with the Offer of Judgment.

Other courts within the Eleventh Circuit have similarly recognized that a Rule 68 Offer of Judgment, which offers a plaintiff full satisfaction of all of a plaintiff's claims plus a judgment, moots the plaintiff's claims. *E.g., Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166-67 (11th Cir. 2012); *Newton v. Palm Coast Recovery Corp.*, No. 13-62051-CIV, 2014 WL 293484, at *2 (S.D. Fla. Jan. 27, 2014) ("This Court has adopted the majority view that an unaccepted offer of judgment for the full amount of a plaintiff's claim moots the case."); *Moten v. Broward Cnty.*, No. 10-62398-CIV, 2012 WL 526790, at *2 (S.D. Fla. Feb. 16, 2012) ("Whether or not the plaintiff accepts the offer, generally, an offer of judgment providing the plaintiff with the maximum allowable relief will moot the plaintiff's claim. Therefore, Rule 68 offers can be used to show that the court lacks subject-matter jurisdiction."); *see also Benggio v. Prof'l Recovery*

*Servs, Inc.*, No. 12-60168-Civ, 2012 WL 2930931, at *2 (S.D. Fla. July 18, 2012) ("When a plaintiff is tendered an offer of judgment for the maximum allowable relief, it moots an FDCPA claim, even when that offer is not accepted." (citations omitted)).

In the instant action and in the interest of judicial economy, Defendants have sought to encourage settlement and prevent litigation between the parties by offering Plaintiff full relief on his claims pursuant to a Rule 68 Offer of Judgment. This effort falls squarely within the purpose of Fed. R. Civ. P. 68. *Marek v. Estate of Chesny*, 473 U.S. 1, 5 (1985) ("The plain purpose of Rule 68 is to encourage settlement and avoid litigation.") Despite Defendants' Offer, however, Plaintiff persists in suing even after he has won; the Offer provided for Plaintiff's damages, liquidated damages, and reasonable attorneys' fees and costs. Although Plaintiff maintains that he was not offered complete relief because the Offer did not provide for injunctive relief, an action for injunctive relief is an exclusive right of the United States Secretary of Labor.

This action is now moot for Plaintiff's lack of standing, this Court's lack of subject matter jurisdiction, and Plaintiff's failure to state a cause of action upon which relief may be granted for such reasons. Plaintiff's Complaint must be dismissed and judgment entered in accordance with Defendants' Rule 68 Offer of Judgment.

**WHEREFORE**, Defendants respectfully request that this Court enter an order dismissing Plaintiff's Complaint and entering judgment against Defendants in accordance with the Federal Rule of Civil Procedure 68 Offer of Judgment extended to Plaintiff, and for such further and additional relief as the Court deems just and appropriate under the circumstances.

Dated: December 4, 2015.

        Respectfully submitted,

        /s/Thomas W. Tierney
        Thomas W. Tierney
        Florida Bar Number: 0390150
        ROSSWAY SWAN TIERNEY BARRY
        LACEY & OLIVER, P.L.
        2101 Indian River Blvd., Suite 200
        Vero Beach, FL 32960
        ttierney@rosswayswan.com
        Telephone: (772) 231-4440

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of December, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

        Respectfully submitted,

        /s/Thomas W. Tierney
        Thomas W. Tierney
        Florida Bar Number: 0390150
        ROSSWAY SWAN TIERNEY BARRY
        LACEY & OLIVER, P.L.
        2101 Indian River Blvd., Suite 200
        Vero Beach, FL 32960
        ttierney@rosswayswan.com
        Telephone: (772) 231-4440