# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRENDON PAYNE,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　**Case No:   6:15-cv-1727-Orl-40DAB**

**RIVER ROCKS LLC, THORNADO HOSPITALITY, LLC, MICHAEL C. MELHADO and TRACY A. SILVERTHORN,**

    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration with oral argument[1] on the following motion filed herein:

> **MOTION:**　**MOTION TO DISMISS (Doc. No. 16)**
>
> **FILED:**　**December 4, 2015**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Defendants move to dismiss Plaintiff's individual and collective action claims, arguing that their offer of judgment—unaccepted by Plaintiff—fully compensates him and moots his claim as well as the collective action. Because the Court finds the Supreme Court's newly-issued decision in *Campbell-Ewald Company v. Gomez,* is binding, it is respectfully **RECOMMENDED** that Defendants' Motion to Dismiss (Doc. 16) be **DENIED**.

**Background and Procedural History**

---

[1] Oral argument was held on January 11, 2016.

On October 13, 2015, Plaintiff filed a collective action on behalf of himself and similarly situated employees against his former employer, the restaurant River Rocks, LLC, ("River Rocks"), and its managers for allegedly failing to pay him minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 - 219 ("FLSA").  Doc. 1.  He alleges that $29.20 was wrongfully deducted from his first paycheck for two polo shirts and one cloth apron.  Defendants concede for purposes of the Motion that the deduction for the uniform temporarily reduced Plaintiff's pay below minimum wage, but argue that, for the remainder of time that Plaintiff remained employed by River Rocks, he was never again paid less than minimum wage.

On November 16, 2015, Defendants made an offer of judgment to Plaintiff pursuant to Federal Rule of Civil Procedure 68 which, they allege, provided him complete relief on his claim; the offer was for $60 in damages, representing the unpaid wages sought, plus an equal amount for liquidated damages, plus an unspecified amount for reasonable attorney's fees and costs to be determined by the Court. Doc. 16 at 3.

On November 30, 2015, Plaintiff rejected the Offer of Judgment, which expired by its terms on December 3, 2015.  The following day, on December 1, 2015, Plaintiff filed his Motion for Certification of the Collective Action.  Doc. 14.  On December 4, 2015, Defendants filed their Motion to Dismiss Plaintiff's complaint, arguing that Plaintiff's claims are now moot due to an unaccepted Rule 68 offer, that Plaintiff lacks standing, and that the Court is without subject matter jurisdiction over Plaintiff's claims.  Doc. 16.  On December 18, 2015, Plaintiff responded (Doc. 19), and the Court heard oral argument on January 11, 2016.  Doc. 21.  The matter is now ripe for decision.

**Analysis**

Defendants contend that, in the interest of judicial economy, they have sought to encourage settlement and prevent litigation between the parties by offering Plaintiff full relief on his claims

pursuant to a Rule 68 Offer of Judgment, consistent with the purpose of Federal Rule of Civil Procedure 68. Doc. 16 (citing *Marek v. Estate of Chesny*, 473 U.S. 1, 5 (1985) ("The plain purpose of Rule 68 is to encourage settlement and avoid litigation.")).   Defendants now argue that Plaintiff has, in fact, been offered the full relief as monetary damages available to Plaintiff because the right to seek injunctive relief under the FLSA rests exclusively with the United States Secretary of Labor; thus, Plaintiff is barred from making a claim for injunctive relief.  *Id*.   Defendants also argue that any injunctive relief, if available, would be moot because they currently do not make any deductions from employees' pay.  *Id*.   Plaintiff argues in response that Defendants' Motion to Dismiss must be denied because his claims are *not* moot and, by the express wording of the Offer, since Plaintiff did not accept the offer in writing, the Offer was deemed withdrawn in accordance with Rule 68(b) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 68 provides: "Unaccepted Offer. An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs."   Fed.R.Civ.P. 68(b).   Consistent with Rule 68, Defendants' Offer stated, "This Offer of Judgment shall not be filed with the Court unless (a) accepted or (b) in a proceeding to determine costs."   Doc. 19 at $2^2$.   It is undisputed that Plaintiff did not accept the offer.   Doc. 19.

Plaintiff originally argued that the Eleventh Circuit case, *Stein v. Buccaneers Ltd. Partnership*, precluded dismissal of an unaccepted Rule 68 offer.   In *Stein*, the six named plaintiffs had each refused an offer of judgment tied to their individual claims.   As the appellate court noted,

---

[2] Defendants represent in their Motion that the Rule 68 Offer is attached as Exhibit A to the Motion, but no exhibit is attached. The Motion could be denied without prejudice on that basis alone. However, the pertinent terms of the Offer do not appear to be disputed by Plaintiff and, in the interest of judicial efficiency, the Court will address the merits. *See* Doc. 19.

when the district court dismissed the class action on the basis of the unaccepted Rule 68 offer of judgment, the named plaintiffs received "no money, no injunction, and no judgment." *Id*. at 101. The Eleventh Circuit, in deciding an issue of first impression, joined the majority of circuits to have addressed the issue in holding that a class action named plaintiff's individual claim is not mooted by an unaccepted Rule 68 offer of judgment. 772 F.3d 698, 709 (11th Cir. 2014). As Plaintiff points out, the cases cited by Defendants finding to the contrary were decided before the Eleventh Circuit's 2014 decision in *Stein*. Doc. 16 at 7 (citing cases).

As discussed at oral argument on January 11, 2016, the United States Supreme Court had previously heard argument but had not yet issued an opinion in a case involving the same issue, *i.e.*, whether an unaccepted settlement offer or offer of judgment to an individual plaintiff can moot a named plaintiff's individual and class action claims. In *Campbell-Edwald Co. v. Gomez*, the Supreme Court had granted certiorari to resolve a disagreement among the Courts of Appeals over whether an unaccepted offer can moot a plaintiff's claim, thereby depriving federal courts of Article III jurisdiction. No. 14-857, 577 U.S. __ (2016) (slip opinion) (copy at Doc. 22-1) (citing *Stein*, 772 F. 3d at 703, as one of the Courts of Appeals cases as part of the circuit split, holding that an unaccepted offer does not render a plaintiff 's claim moot). The Court specifically asked the parties whether the Supreme Court decision in *Campbell* would have any bearing on this case since the facts are very similar.

In *Campbell*, the plaintiff filed a class action against a company that had sent automatically-dialed marketing text messages to his cell phone without his prior consent, allegedly in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b). *Id*. (slip op. at 2). Before the deadline for the named plaintiff to file a motion for class certification, the defendant proposed to settle his

individual claim and filed a Federal Rule of Civil Procedure 68 offer of judgment[3], which the plaintiff did not accept, and it expired 14 days later. *Id*. (slip op. at 4). The defendant then moved to dismiss the case, arguing that its offer mooted the named plaintiff's individual claim by providing him with complete relief, and his failure to move for class certification before his individual claim became moot caused the putative class claims to become moot as well. *Id*. On appeal, the Supreme Court held that "an unaccepted offer to satisfy the named plaintiff's individual claim" is not "sufficient to render a case moot when the complaint seeks relief on behalf of the plaintiff and a class of persons similarly situated." *Id.* Thus, "[a]n unaccepted settlement offer has no force." *Id*. Justice Ginsburg, writing for the majority revisited Justice Kagan's dissent in the FLSA case of *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. __, 133 S. Ct. 1523, 1533 (2013), and noting that the majority in that earlier case had failed assumed based on the plaintiff's failure to dispute it that an offer of complete relief pursuant to Rule 68, even if unaccepted, moots a plaintiff's claim. *Id.* (slip op. at 7) (citing *Genesis*, 569 U.S. at __(slip op. at 5)). With the issue teed up directly in *Campbell*, the majority adopted Justice Kagan's reasoning:

> When a plaintiff rejects such an offer—however good the terms—her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief. An unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect.

*Id*. (slip op. at 8 (quoting Justice Kagan's dissent in *Genesis HealthCare*) & n.9 (citing *Stein* as one of the circuit court cases adopting the analysis of Justice Kagan from *Genesis HealthCare*)). The defendant's settlement bid and Rule 68 offer of judgment, "once rejected, had no continuing efficacy." *Id*. (slip op. at 9). The offer remained "only a proposal," binding neither the defendant nor the plaintiff; the parties remained adverse and "retained the same stake in the litigation they had

[3] The proposed settlement denied liability and the allegations made in the complaint, disclaimed the existence of grounds for the imposition of an injunction, and did not include attorney's fees.

at the outset." *Id*. "[A]n unaccepted settlement offer or offer of judgment does not moot a plaintiff's case, so the district court retained jurisdiction to adjudicate [plaintiff's] complaint." *Id*. (slip op. at 11). Applied to these facts, Defendants' unaccepted offer of judgment did not moot Plaintiff's individual or collective action claims, and the Court retains jurisdiction over the Complaint.[4] Accordingly, it is **respectfully RECOMMENDED** that Defendants' Motion to Dismiss (Doc. 16) be **DENIED**.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on January 21, 2016.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[4] Given the Court's ruling that Plaintiff's claims are not mooted by the offer of judgment, it need not address whether one of Plaintiff's FLSA claim is rendered moot because he cannot obtain injunctive relief.