## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| **BRENDON PAYNE,** ) | |
| And all others similarly situated, ) | |
| **Plaintiff(s),** ) | |
| **v.** ) | |
| ) | **CASE NO.: 6:15-cv-01727-PGB-DAB** |
| **RIVER ROCKS LLC,** ) | |
| a Florida Limited Liability Company, ) | |
| **THORNADO HOSPITALITY, LLC,** ) | |
| a Florida Limited Liability Company, ) | |
| **MICHAEL C. MELHADO,** ) | |
| Individually and as officer of Thornado ) | |
| Hospitality, LLC., and, ) | |
| **TRACY A. SILVERTHORN,** | |
| Individually and as officer of Thornado | |
| Hospitality, LLC. | |
| | |
| **Defendants.** | |

---

## AMENDED OPPOSITION TO PLAINTIFF'S MOTION FOR CERTIFICATION OF COLLECTIVE ACTION AND PERMISSION TO SEND COURT SUPERVISED NOTICE TO EMPLOYEES OF THEIR OPT-IN RIGHTS AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW** Defendants, RIVER ROCKS, LLC, a Florida Limited Liability Company; THORNADO HOSPITALITY, LLC, a Florida Limited Liability Company; MICHAEL C. MELHADO, individually and as officer of THORNADO HOSPITALITY, LLC; and TRACY A. SILVERTHORN, individually and as officer of THORNADO HOSPITALITY, LLC (collectively, the "Defendants"), by and through their undersigned attorney and pursuant to Local Rule 3.01(b) of the United States District Court for the Middle District of Florida, hereby file this Amended Opposition to the Motion for Certification of Collective Action and Permission to Send Court Supervised Notice to Employees of Their Opt-In Rights and Incorporated Memorandum of Law ("Amended Opposition") filed by Plaintiff, BRENDON

PAYNE ("Plaintiff"). The grounds upon which this Amended Opposition is based, and the substantial matters of law intended to be argued thereon, are set forth in the following memorandum.

## MEMORANDUM OF LAW

### Background

Plaintiff has brought a collective action on behalf of himself and those who are allegedly similarly situated against his former employer, River Rocks, LLC, ("River Rocks"), as well as its member-manager, Thornado Hospitality, LLC, and the principals thereof, Michael C. Melhado and Tracey A. Silverthorn, on the grounds that Defendants allegedly failed to pay him a minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 – 219 ("FLSA"). Specifically, Plaintiff claims that $29.20 was wrongfully deducted from Plaintiff's first paycheck for an employee uniform.

River Rocks is a restaurant located in Brevard County, Florida. Plaintiff was employed by River Rocks as a bartender and server from January 21, 2013 to August 9, 2014. Pursuant to said employment, Plaintiff consented to the deduction from his wages for the cost of two polo shirts and one cloth apron, all clothing that was part of Plaintiff's required employee uniform. The total cost of said deduction was $29.20.

The employment relationship between River Rocks and Plaintiff ultimately soured over a dispute regarding Plaintiff's hourly rate of pay. Plaintiff argues that River Rocks contracted with Plaintiff to pay him a specified hourly rate, while River Rocks maintains that Plaintiff was strictly an at-will employee and no such contract was made. Plaintiff has initiated, and there is currently pending, a state court action against Defendants for alleged breach of employment contract.

2

At the outset of this lawsuit, Defendants offered to provide Plaintiff all the relief to which he is entitled in order to remedy the erroneous deduction. That offer was unsuccessful, however. Plaintiff rejected Defendants' Federal Rule of Civil Procedure 68 Offer of Judgment on November 30, 2015.

Plaintiff subsequently filed the instant Motion for Certification of Collective Action and Permission to Send Court Supervised Notice to Employees of Their Opt-In Rights and Incorporated Memorandum of Law ("Motion") on December 1, 2015. Plaintiff seeks conditional certification of a collective action against Defendants, as well as permission to send Court-supervised notice to all allegedly similarly-situated employees in the form attached to Plaintiff's Motion.

Now also pending before this Court is Defendants' Motion for Summary Judgment, Incorporated Statement of Undisputed Material Facts, and Incorporated Memorandum of Law, which was filed on March 15, 2016 (Doc. 27). As more fully set forth in Defendants' Motion for Summary Judgment, Plaintiff is entitled to summary judgment as a matter of law against Defendants on Plaintiff's individual claim because there remains no genuine dispute as to any material fact. To the extent summary judgment is granted as to Plaintiff's individual claim, summary judgment should also be granted as to any collective action allegations in the Complaint. Because no other claimants have opted-in to this lawsuit, Plaintiff lacks any personal interest in representing unknown, putative claimants, and the mere presence of collective-action allegations in the Complaint cannot save Plaintiff's suit from mootness once the individual claim

is satisfied. *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1529 (2013).[1] Plaintiff's Motion becomes moot to the extent summary judgment is granted, judgment is entered in Plaintiff's favor, and this lawsuit is dismissed.

Even if summary judgment is neither granted nor this lawsuit dismissed, however, this Court should still deny Plaintiff's Motion and reject the proposed notice for several reasons. First, Plaintiff must show that, prior to conditional certification and the sending of Court-supervised notice, other similarly situated employees actually desire to opt-in to a collective action. This showing can be made, for example, by affidavits or testimony of said employees. Plaintiff, at least as of the date of the filing of this Amended Opposition, has failed to make such a sufficient showing. Second, judicial economy would not be served by conditionally certifying a collective action. To the extent there are a few additional plaintiffs who wish to join, allowing said plaintiffs to litigate their claims on an individual basis as additional plaintiffs in this case or in separate actions would better serve the efficient administration of their alleged claims. Third, the proposed notice is deficient for failing to fully apprise putative plaintiffs of the consequences of opting into the lawsuit. For example, the notice fails to inform putative plaintiffs they may be subject to discovery, court-costs, and/or counterclaims. This Court has previously denied a motion seeking certification of a collective class for precisely these reasons. *White v. Kcpar, Inc.*, No. 6:05-cv-1317-Orl-22DAB, 2006 WL 1722348 (M.D. Fla. June 20, 2006).

---

[1] It is Defendants' position that this point-of-law from *Genesis Healthcare* remains intact even in light of the Supreme Court's recent decision in *Campbell-Ewald Company v. Gomez*, 136 S.Ct. 663 (2016). The *Campbell-Ewald* Court did not adopt the entirety of Justice Kagan's dissent from the *Genesis Healthcare* decision, but only her "analysis, as every Court of Appeals ruling on this issue post *Genesis Healthcare*" that "an unaccepted [Rule 68] offer of judgment cannot moot a case." *Campell-Ewald Company*, 136 S.Ct. at 670. The *Campbell-Ewald* Court reiterated that a would-be class representative must still retain a live claim of his or her own when seeking class certification: "While a class lacks independent status until certified, (internal citations omitted), a would-be class representative *with a live claim of her own* (emphasis added) must be accorded a fair opportunity to show that certification is warranted." *Id*. at 672.

In light of the foregoing, this Court should enter summary judgment for Plaintiff in accordance with Defendants' Motion for Summary Judgment and dismiss the Complaint. Alternatively, even if summary judgment is denied, this Court should still deny the instant Motion and reject the proposed notice for the reasons set forth above.

## ARGUMENT

I.    **Plaintiff must demonstrate that other employees desire to opt-in to the collective action before conditional certification may be granted.**

While Plaintiff's burden is low at the conditional certification stage, it is not non-existent, and certification is not practically automatic as Plaintiff's Motion implies.[2] As this Court has recognized, the Eleventh Circuit endorses a two-stage process for FLSA collective action certification. *Whineglass v. Smith*, No. 8:11-CV-2784-T-23TGW, 2012 WL 6163067, at *3 (M.D. Fla. 2012) (*citing Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008)). Plaintiff's Motion seeks conditional certification at the first stage. The Court's consideration at the first stage is two-fold: the Court must satisfy itself that there are (1) other "similarly situated" employees who (2) also wish to opt-in to the lawsuit. *Whineglass* at *3; *Robinson v. Dolgencorp, Inc.*, No. 5:06-cv-122-Oc-10GRJ, 2006 WL 3360944, at *3 (M.D. Fla. 2006); *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). If Plaintiff cannot sufficiently demonstrate that other employees desire to opt-in to the lawsuit prior to first-stage conditional certification, conditional certification must be denied.

Plaintiff's Motion requests that this Court consider only one part of this two-part analysis: whether there are other "similarly situated" employees[3]. However, a failure to make

---

[2]  Plaintiff argues that "Because of the minimal evidence adduced at this stage, 'this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." (Citations omitted). Plaintiff's Motion, § V. A., Page 7.

[3]  Plaintiff's Motion, § V. B.

both determinations would constitute error. Without a sufficient showing by Plaintiff that other plaintiffs desire to opt-in to this lawsuit, Plaintiff's Motion must be denied.

> **II.    Plaintiff's bald assertions that there are other current and former employees who wish to join the collective action, contingent upon notice of the collective action, are insufficient to show that other employees desire to opt-in.**

Bald assertions that Plaintiff is aware of other employees who wish to opt-in to the collective action, along with unsupported allegations that additional plaintiffs will subsequently come forward, fail to carry Plaintiff's burden sufficient to warrant first-stage, conditional certification. *Mackenzie v. Kindred Hospitals East, L.L.C.*, 276 F.Supp.2d 1211, 1220 (M.D. Fla. 2003) (*citing Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983)). In *Mackenzie*, this Court properly denied the plaintiff's motion to conditionally certify a FLSA collective action because the plaintiff failed to show that any individual had expressed a desire to opt into the lawsuit. *Mackenzie*, 276 F.Supp.2d at 1221. Specifically, the plaintiff admitted that he did not know of anyone who wanted to join the lawsuit and acknowledged that he was unsuccessful in interesting two former colleagues to participate. *Id.* at 1220. The plaintiff went on to argue that notice of the lawsuit must be provided to putative plaintiffs in order to determine whether there were others who desired to join. This Court also rejected that argument, however, citing *Santielices v. Cable Wiring, Inc.*, 1999 WL 1007807 (S.D. Fla. 1999) and *Dybach*, based on the Eleventh Circuit's holding that a showing that others desire to opt-in must be made before notice is authorized. *Mackenzie*, 276 F.Supp.2d at 1220-21.

This Court reached the same result in *Robinson* as it had in *Mackenzie* where that plaintiff also failed to sufficiently establish evidence of other employees desiring to opt-in to the lawsuit. In *Robinson*, the plaintiff submitted the affidavit of herself and two other former employees of one of the defendant's stores as evidence that other similarly situated employees

desired to opt-in. *Id*. at *3. Each of the affiants stated in a conclusory fashion that defendant failed to properly pay them for overtime. The defendant argued that by filing only two other affidavits of co-workers who purported to allege the same FLSA violations, the plaintiff failed to meet her burden of proof that other employees desired to opt-in. *Id*. at *4. This Court agreed with the defendant, relying upon, in part, two other decisions by this District wherein conditional certification was also denied for failure to present sufficient evidence of other employees wishing to opt-in, *Rodgers v. CVS Pharmacy, Inc.*, No. 8:05-CV770T-27MSS, 2006 WL 752831 (M.D. Fla. 2006) and *White*.

Here, Plaintiff's bald assertions that other current and former employees were subject to the same pay practices and procedures of Defendants and, *only upon notice of their rights to opt-in*, will wish to join the instant action (see Doc. 14-1, Declaration and Notice of Consent to Join, Para. 14-15) fail to provide any reasonable basis upon which conditional certification should be granted. Plaintiff's assertions are nothing more than conclusory generalizations, speculative and vague – Plaintiff fails to even identify one additional employee by name who presently desires to opt-in. Like the plaintiff in *Mackenzie*, Plaintiff relies upon a theory that once notice is made upon current and former employees, additional plaintiffs will desire to opt-in, and such is sufficient to establish the minimum threshold for conditional certification. However, such a manner of proceeding has been rejected outright by this Court. *Mackenzie*, 276 F.Supp.2d at 1220-21.

Alternatively, Plaintiff has also failed to file any affidavits or declarations of other employees which would show that there are, in fact, other employees wishing to join the lawsuit. Conditional certification should neither be granted nor court-supervised notice made where

Plaintiff seeks conditional certification and court-supervised notice as a tool for drumming-up business. *Robinson*, at *6 (*citing Mackenzie*, 276 F.Supp.2d at 1221 n.6).

### III.    Judicial economy would not be preserved by conditional certification and, therefore, Plaintiff's Motion should be denied.

Although the existence of a common policy or plan is not a mandatory requirement in the Eleventh Circuit for conditional certification; nonetheless, the existence of a common policy or plan is relevant to the Court's exercise of its discretion in granting conditional certification because the underlying rationale for granting a collective action is to preserve judicial economy. *Robinson*, at *6 (*citing Hoffmann-La Roche Inc. v. Sperling*, 493 U.S., 165, 171-73 (1989)). When the alleged practice or plan is not common, but merely an isolated occurrence, judicial economy is better served by allowing additional plaintiffs to litigate their claims on an individual basis, either as additional plaintiffs in the pending case or in separate actions. *Robinson*, at *6-7.

In the instant action, Plaintiff has failed to offer any evidence that the alleged isolated error affecting Plaintiff was a common policy or plan of Defendants – again, Plaintiff relies only on vague, speculative declarations that it was Defendants' practice to unlawfully make deductions of employees' wages below minimum wage. If anything, however, the evidence offered by Plaintiff in support of his Motion suggests the exact opposite: Plaintiff attached to his Motion Defendants' written policy that deductions of wages were made *only if the deduction* did not cause the employee's pay to fall below minimum wage.

The specific amount of the erroneous deduction made to Plaintiff's wages further proves that this was an isolated occurrence made in error rather than a common plan or practice of Defendants. As evidenced by the "River Rocks Uniform Receipt" attached to Plaintiff's Motion, see Doc. 14-1, the cost of the uniforms issued to Plaintiff totaled $44.00, not the $29.20 actually

deducted from Plaintiff's wages. The deduction of only a partial amount of the total cost of Plaintiff's uniforms establishes the isolated, erroneous nature of the deduction.

Because Plaintiff fails to establish that the isolated and erroneous deduction affecting Plaintiff was a common practice or plan of Defendants, judicial economy is better preserved in the instant action by allowing additional plaintiffs to litigate their claims on an individual basis, either as additional plaintiffs in this case or in separate actions, not through a collective action.

**IV.    Alternatively, even if this Court is inclined to grant conditional certification, Plaintiff's proposed Notice is defective because it fails to fully inform recipients about the consequences of "opting-in."**

Plaintiff's Notice is defective because it fails to fully apprise prospective plaintiffs of the consequences of opting into the lawsuit.  First, the Notice fails to add language that putative plaintiffs may be required to participate in discovery such as responding to written questions, sitting for depositions, or testifying in court. *See Belcher v. Shoney's Inc.*, 927 F.Supp. 249, 253-55 (M.D.Tenn 1996). Second, the Notice fails to explain that putative plaintiffs may be held liable for costs associated with the lawsuit, and for potential counterclaims that may be asserted against them by Defendants. *Gjurovich v. Emanuel's Marketplace, Inc.*, 282 F.Supp.2d 101, 104 (S.D.N.Y. 2003). Third, the Notice fails to explain to putative plaintiffs that, to the extent Plaintiff's counsel is being paid on a contingency fee basis, the effect the contingency fee arrangement has on their recovery or lack thereof. Fourth and finally, the Notice fails to explain that by signing the attached notice and consent to join, the putative plaintiffs are agreeing to designate Plaintiff as their class representative to make decisions on their behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit. Plaintiff's Motion should be denied for inadequacy of the Notice attached thereto.

**V.**     **Like this Court's Order in *White v. KCPAR, Inc.*, No. 6:05-cv-1317-Orl-22DAB, 2006 WL 1722348 (M.D. Fla. June 20, 2006), this Court should also deny Plaintiff's Motion.**

Like this Court's denial in *White* of a plaintiff's motion for conditional certification of a collective action and for an order permitting court-supervised notice to putative plaintiffs, this Court should similarly deny Plaintiff's Motion. On facts substantially similar to the instant dispute, in *White*, the plaintiff sued the defendant under the Fair Labor Standards Act (FLSA) for unpaid overtime compensation the plaintiff had allegedly earned as a cook for defendant. *White*, 2006 WL 1722348, at *1. The plaintiff brought suit individually and on behalf of others similarly situated who were also employed by the defendant. *Id*. The issue in *White* was whether the Court should grant or deny the plaintiff's motion for conditional certification of a collective action and for an order permitting notice to all hourly paid cooks employed by the defendant for the past three years. *Id*. On the Report and Recommendation of Magistrate Judge David A. Baker, this Court denied the Motion. *Id*.

As in *White*, this Court should similarly deny Plaintiff's Motion for three reasons. First, this Court recognized in *White* that a showing that other putative plaintiffs actually desire to opt-in is required before certification and notice may be authorized by the Court (relying upon *Mackenzie* and *Dybach*). *Id*. at *3. The showing may be made by presenting evidence of "other employees who desire to opt in via affidavits, consents to join the lawsuit, or expert evidence on the existence of other similarly-situated employees." *Id*. However, "[c]ertification of a collective action and notice to a potential class is not appropriate to determine whether there are others who desire to join the lawsuit." *Id*.

Second, this Court recognized that where the putative collective class is not numerous, the permissive joinder procedure is better suited to add a few additional plaintiffs to the

10

litigation. *White,* 2006 WL 1722348, at *3. In *White*, three individuals attested that they had observed "numerous" other hourly paid cooks who were not paid time and one-half for hours worked in excess of forty hours per week. *Id*. at *2. Despite such attestations, however, this Court found that the "Plaintiff [wa]s vague about the size of the putative collective class or the number of (former and current) employees affected by Defendant's alleged failure to pay overtime," and therefore collective class status was not warranted. *Id*. at *3. It reasoned that, "Although the 'similarly situated' requirement of § 216(b) is more elastic and less stringent than the requirements found in Rule 20 (joinder) and Rule 42 (severance), *Hipp* [*v. Liberty Nat'l Life Ins. Co.*,] 252 F.3d [1208, 1219 (11th Cir. 2001)], for cases where there are only a few employees with claims, the permissive joinder procedure is used so that the Court can exercise jurisdiction over the opt-in claim to adopt any settlement agreement, if the case is settled early . . . Plaintiff has not shown with any specificity that the putative class warrants 'collective class' status, as opposed to the Court allowing the two additional individuals to merely opt-in and join the case as additional named Plaintiffs at this stage in the litigation." *Id*.

Third and finally, this Court held that a notice to putative plaintiffs is deficient where it fails to fully inform recipients about the consequences of opting in. *White,* 2006 WL 1722348, at *4. A notice must inform opt-in claimants that they would be subject to discovery, as well as potential counterclaims and court costs. *Id*.

Here, Plaintiff has failed to offer any evidence of affidavits, consents to join the lawsuit, or expert evidence on the existence of other similarly-situated employees who wish to join the lawsuit. Plaintiff has further failed to offer any evidence that a collective class is better suited than merely allowing any putative plaintiffs to opt-in and join the case by way of permissive

joiner. Finally, Plaintiff has further failed in his proposed notice to fully inform recipients of the consequences of opting into any collective class litigation.

**WHEREFORE**, Defendants respectfully request that this Court enter an order denying Plaintiff's Motion, and for such further and additional relief as the Court deems just and appropriate under the circumstances.

Dated: March 29, 2016.

Respectfully submitted,

/s/Thomas W. Tierney
Thomas W. Tierney
Florida Bar Number: 0390150
ROSSWAY SWAN TIERNEY BARRY
LACEY & OLIVER, P.L.
2101 Indian River Blvd., Suite 200
Vero Beach, FL 32960
ttierney@rosswayswan.com
Telephone: (772) 231-4440
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of March, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Respectfully submitted,

/s/Thomas W. Tierney
Thomas W. Tierney
Florida Bar Number: 0390150
ROSSWAY SWAN TIERNEY BARRY
LACEY & OLIVER, P.L.
2101 Indian River Blvd., Suite 200
Vero Beach, FL 32960
ttierney@rosswayswan.com
Telephone: (772) 231-4440
Attorneys for Defendants

12