# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BRENDON PAYNE,

        Plaintiff,

v.                                          Case No:   6:15-cv-1727-Orl-40DAB

RIVER ROCKS LLC, THORNADO
HOSPITALITY, LLC, MICHAEL C.
MELHADO and TRACY A.
SILVERTHORN,

        Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO CERTIFY COLLECTIVE ACTION (Doc. No. 14)** |
| **FILED:** | **December 1, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S INDIVIDUAL WAGE CLAIM (Doc. No. 27)** |
| **FILED:** | **March 15, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

In this Fair Labor Standards Act ("FLSA") case, Plaintiff moves to certify a collective action[1] and Defendants move to have summary judgment entered against them and in *Plaintiff's* favor to bring an end to the case.   It is **respectfully RECOMMENDED** that the Motion to Certify Collective Action be **DENIED** and Defendants' Motion for Summary Judgment be **GRANTED** as set forth in detail below.

## I.      Procedural History

On October 13, 2015, Plaintiff filed a collective action on behalf of himself and similarly situated employees against his former employer, the restaurant River Rocks, LLC, ("River Rocks"), and its managers[2] for allegedly failing to pay him minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.   Doc. 1. He alleges that $29.20 was wrongfully deducted from his first paycheck for two polo shirts and one cloth apron for an employee uniform.   Doc. 1.

On November 16, 2015, Defendants made an offer of judgment to Plaintiff pursuant to Federal Rule of Civil Procedure 68 which, they allege, provided him complete relief on his claim; the offer was for $60 in damages, representing the unpaid wages sought, plus an equal amount for liquidated damages, plus an unspecified amount for reasonable attorney's fees and costs to be determined by the Court. Doc. 16 at 3.

On November 30, 2015, Plaintiff rejected the Offer of Judgment, which expired by its terms on December 3, 2015.   The following day, on December 1, 2015, Plaintiff filed his Motion for Certification of the Collective Action. Doc. 14.   On December 4, 2015, Defendants filed their Motion to Dismiss Plaintiff's complaint, arguing that Plaintiff's claims were mooted by the

---

[1]  Plaintiff confusingly refers to a "class" interchangeably with a "collective" action throughout his Motion. Doc. 14.   A class action, as Plaintiff recognizes, is governed by Federal Rule of Civil Procedure 23 and is not at issue in this case.

[2]  Defendant Thornado Hospitality, LLC, is River Rocks, LLC's member-manager Defendants Michael C. Melhado and Tracey A. Silverthorn are the principals.   Doc. 31.

unaccepted Rule 68 offer, that Plaintiff lacked standing, and that the Court was without subject matter jurisdiction over Plaintiff's claims. Doc. 16.   On December 18, 2015, Defendants filed their Objection to Plaintiff's Motion to Certify Collective Action.   Doc. 18.

On December 18, 2015, Plaintiff responded to the Motion to Dismiss (Doc. 19), and the Court heard oral argument on January 11, 2016. Doc. 21.   As discussed at the hearing, the United States Supreme Court was considering an issue directly on point with the dispute raised by Defendants– whether an unaccepted offer of judgment could moot a party's claims.

On January 20, 2016, the Supreme Court rendered its decision in *Campbell-Edwald Co. v. Gomez*, No. 14-857, 577 U.S. __, 136 S.Ct. 663 (2016), holding that an unaccepted offer does not render moot a plaintiff's individual claims.   On January 21, 2016, the Court entered a Report and Recommendation to deny Defendants' Motion to Dismiss, and, on February 8, 2016, the District Judge adopted the Report and Recommendation.   Doc. 24.   Because Defendants' original Response to Plaintiff's Motion to Certify Collective Action (Doc. 14) was based in part on their offer-of-judgment/mootness argument, which was affected by the Supreme Court's *Campbell-Ewald* decision, the Court ordered Defendants to file an amended response to the Motion to Certify Collective Action.   Doc. 26.   On March 29, 2016, Defendants filed their Amended Response in Opposition to Plaintiff's Motion to Certify Collective Action[3] (Doc. 31).

On March 15, 2016, Defendants filed their Motion for Summary Judgment.   Doc. 27. Plaintiff filed his response on March 29, 2016 (Doc. 30) and Defendants filed their Reply on April 7, 2016.   Doc. 34.   Both Plaintiff's Motion to Certify a Collective Action and Defendants' Motion for Summary Judgment are now ripe for decision.

## II.    Undisputed Material Facts

---

[3]  The matter was subsequently referred to the undersigned on May 13, 2016, to be considered with the previously-referred Motion for Summary Judgment.

Plaintiff was a non-exempt, hourly employee of a Brevard County restaurant called River Rocks, an employer subject to the requirements of the FLSA.   Doc. 1 ¶ 13; Doc. 25 ¶ 13.   Plaintiff was employed by River Rocks from January 21, 2013 to August 9, 2014.   Doc. 1 ¶ 1; Doc. 14 at 3; Doc. 25 at ¶ 16.   River Rocks required Plaintiff to wear uniforms while working at River Rocks, and he was required to purchase items of his uniform from River Rocks when he was hired.   Doc. 1 ¶¶ 20-21; Doc. 25 ¶¶ 20-21.

Defendants admit that "Plaintiff is entitled to a back pay award of minimum wage for all hours worked, plus an equal amount as liquidated damages."   Doc. 1 ¶ 43; Doc. 25 ¶ 43.   During the time Plaintiff was employed by River Rocks, the applicable federal minimum wage was $7.25 per hour; the Florida minimum wage was $7.79 per hour in 2013 which was Plaintiff's hourly rate during his first work week.   Doc. 1 ¶ 26, 38; Doc. 14-1 ¶ 12; Doc. 25 ¶ 26, 38.   Plaintiff worked 27.233 hours during his first work week.   Doc. 1 ¶ 26; Doc. 14-1, Ex. C, Doc. 25 ¶ 26.   Plaintiff was paid a total of $212.15 for his first week of work for River Rocks.   Doc. 14-1, Ex. C-A2; Aff.-Melhado ¶ 20; Siverthorn ¶ 12.   The total federal minimum wages the Plaintiff was owed for his first week of employment with River Rocks was $197.44 ($7.25 x 27.233 = $197.44).   Plaintiff had $29.20 deducted from Plaintiff's first paycheck for an employee uniform.   Doc. 1 ¶ 27; Doc. 25 ¶ 2, 18, 27; Melhado Aff. ¶ 11; Silverthorn ¶ 11.   Plaintiff's net pay after the uniform deduction was $182.95 for his first work week ($212.15 - $29.20 = $182.95).   Doc. 14-1, Ex. C; Melhado Aff. ¶ 12; Silverthorn ¶ 12.   Thus, the $29.20 uniform deduction reduced Plaintiff's wages below the minimum wage required by the FLSA by $14.49 ($197.44 - $182.95 = $14.49).   Melhado Aff. ¶ 11-12; Silverthorn Aff. ¶ 11-12; Doc. 25, ¶ 2, 18, 28.

All servers and bartenders working at River Rocks during the relevant time period were hourly paid employees.   Doc. 1 ¶ 24; Doc. 25 ¶ 24.   "Some employees" of River Rocks were required to sign a "River Rocks Uniform Receipt" for their personnel file.   Doc. 1 ¶ 22; Doc. 25 ¶

22.   River Rocks requires employees to execute a "Consent to Payroll Deductions" form which authorizes Defendants to make deductions to employee's wages including training materials; aprons; uniforms; company property damaged or not returned by the employee" and "Uniforms." Doc. 1 ¶ 23; Doc. 25 ¶ 23.   "Some" hourly paid employees were subject to the same uniform policy and deductions.   Doc. 1 ¶ 24; Doc. 25 ¶ 24.   River Rocks LLC's deduction of a "Uniform Fee" which causes an employee's wage to be less than the minimum wage violates River Rocks LLC's own written policy.   Doc. 1 ¶ 41; Doc. 25 ¶ 41.

### III.    Standard for Certification of Collective Action under the FLSA

Plaintiff has asserted a single claim against Defendants under the FLSA for unpaid minimum wage compensation he earned as a bartender for Defendants, when his uniform cost was deducted from his first week of pay, reducing his first week net pay to below the federal minimum wage. Plaintiff's suit is brought individually and on behalf of others similarly situated who are and were employed by Defendant during the three years preceding the suit, filed on October 13, 2015. Doc. 1.

Title 29 U.S.C. 216(b) provides a right of action to recover unpaid minimum wages, unpaid overtime compensation, and for other relief if retaliation is at issue.   The Act provides:

> An action to recover the liability [for unpaid overtime] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other similarly situated.   No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). The nature of this provision is to provide an "opt-in" procedure; those who opt-in have the same status in relation to the claims of the lawsuit as named plaintiffs.  *Prickett v. Dekalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003).   The filing of a consent establishes the additional claim for statute of limitations purposes.   Thus, in cases where there are only a few

employees with claims, this permissive joinder procedure appears to be used so that the Court can exercise jurisdiction over the opt-in claim to adopt any settlement agreement, if the case is settled early, before a full blown collective action is underway.

Where the "collective class" is numerous, the two-tiered approach set forth in *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F. 3d 1208 (11th Cir. 2001), and its progeny applies.   In summary, this involves a two-stage process to "certify" the collective action: the first determination is the "notice stage," in which the district court makes a determination as to whether notice of the action should be given to potential collective class members. *Id.* at 1218.   If the district court "conditionally certifies" the collective class, putative members are given notice and a chance to opt in. *Id.* The action proceeds as a representative action through discovery.   A second determination is usually made after a motion for "decertification" is made by the employer.   The district court must determine if the plaintiffs are "similarly situated." *Id.* at 1217.   If so, the action proceeds to trial as a representative action.   If not, the district court "decertifies" the collective class, and the opt-in plaintiffs are dismissed, without prejudice.   The case proceeds on the individual claims of the original plaintiffs.   *Hipp*, 252 F.3d at 1218.

A showing that others desire to opt in is required before certification and notice will be authorized by the court. *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983) (collective class rejected where defendant store employed only four to six employees); *Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991) (representative plaintiff need only show that there are similarly situated individuals who, if given notice, may wish to join the action as party plaintiffs); *Mackenzie v. Kindred Hosps. East, L.L.C.*, 276 F.Supp.2d 1211, 1220 (M.D.Fla. 2003). Evidence of other employees who desire to opt in may be based on affidavits, consents to join the lawsuit, or expert evidence on the existence of other similarly-situated employees.   *Davis v. Charoen Pokphand (USA), Inc.*, 303 F.Supp.2d. 1272, 1277 (M.D. Ala. 2004).   "A plaintiff's or

counsel's belief in the existence of other employees who desire to opt in and 'unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify' certification of a collective action and notice to a potential class." *Mackenzie v. Kindred Hosps. East, L.L.C.,* 276 F.Supp.2d 1211, 1220 (M.D. Fla. 2003) (citing *Haynes*, 696 F.2d at 887); *Horne v. United Servs. Auto. Ass'n,* 279 F.Supp.2d 1231, 1236-37 (M.D. Ala. 2003).   Certification of a collective action and notice to a potential class is not appropriate to determine whether there are others who desire to join the lawsuit. *See Mackenzie*, 276 F.Supp.2d at 1220 (citing *Dybach*, 942 F.2d at 1567-68).

Defendants argue that certification of a collective action should be denied because Plaintiff has failed to show that other similarly-situated employees desire to opt-in to a collective action; judicial economy would be better served by allowing any additional plaintiffs to litigate their claims on an individual basis as opt-in plaintiffs; and the proposed notice is deficient for failing to fully apprise putative plaintiffs of the consequences of opting into the lawsuit.   Doc. 31 at 4.

Defendants cite in support the case of *White v. KCPAR, Inc*., in which the undersigned recommended (and the district judge adopted) denial of a request for conditional class certification in a FLSA overtime compensation case because the plaintiff had failed to satisfy the first prong under *Dybach* to show that there were other similarly situated individuals who wanted to join the action.  *White v. KCPAR, Inc*., Case No. 6:05-cv-1317-Orl-22DAB, 2006 WL 1722348, (June 20, 2006) (adopting report and recommendation).   In *White*, the plaintiff only filed his affidavit and the affidavits of the two-opt ins, attesting that each observed numerous other employees not being paid overtime; however, the plaintiff had been vague about the size of the putative class and the number of former and current employees affected by the alleged overtime violations.   As the Court explained in *White*:

Plaintiff has not shown with any specificity that the putative class warrants "collective class" status, as opposed to the Court allowing the two additional individuals to merely opt-in and join the case as additional named Plaintiffs at this stage in the litigation. *See Rodgers v. CVS Pharmacy, Inc.*, Case No. 8:05cv770T-27MSS, _ F.Supp.2d _, 2006 WL 752831, *5 (M.D.Fla. Mar. 23, 2006) (Whittemore, J.) (plaintiff's affidavit and the affidavits of two other co-workers-the only two to file consents to join during the prior year-were insufficient evidence that there were other employees who desired to opt in to lawsuit); *cf. Bell v. Mynt Entm't, LLC*, 223 F.R.D. 680, 683 (S.D.Fla. 2004) (affidavits from seven plaintiffs indicating others desired to opt in and detailing allegations of wage violations were sufficient); *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 362-63 (M.D.Ala .1999) (fifteen affidavits by employees with specific allegations of wage violations were sufficient); *see also Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303 (S.D.N.Y.1998) (thirty-seven named plaintiffs from fifteen restaurants already named); *Belcher v. Shoney's, Inc.*, 927 F.Supp. 249, 252 (M.D.Tenn.1996) (plaintiff submitted twenty-four affidavits to show a class of employees existed who had been worked "off the clock" by the employer); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp.2d 101, 104 (S.D.N.Y.2003) (plaintiff identified by name current or former meat department employees who held the same or similar positions, some with the exact same job titles, who were not paid for overtime).

Moreover, Plaintiff's proposed "Notification" letter (Doc. 43-4), to be sent to all similarly situated employees, is defective because it fails to fully inform recipients about the consequences of "opting in." *See Belcher v. Shoney's Inc.*, 927 F.Supp. 249, 253-55 (M.D.Tenn.1996) (adding language that opt-in claimants would have to participate in discovery); *see also Gjurovich*, 282 F.Supp.2d at 104 (language explaining opt-in claimants will be responsible for costs and counterclaims); *Garcia v. Elite Labor Service, Ltd.*, 1996 WL 33500122, *4 (N.D.Ill. July 11, 1996) (requiring to be added: "If you do not prevail on your claim, court costs and expenses may possibly be assessed against you."), *adopted by* 1996 WL 559958.

*Id*. at *3-*4.

In this case, Plaintiff argues he will demonstrate that Defendants subjected him and all other newly hired servers and bartenders to "a blanket compensation practice" leading to a minimum wage violation as shown "[t]hrough the allegations in the Complaint, the Company policies and payroll records, as well as the declaration of Plaintiff."   Doc. 14 at 2.   Plaintiff contends that "Due to the common pay practices at issue and the uniform manner in which it was applied, this case is properly and readily suited for class-wide adjudication. . . includ[ing] the conditional certification of this action and the sending of notice to putative class members."   Doc. 14 at 4.

Plaintiff has failed to supply *any* affidavits in support other than his own Declaration (Doc. 14-1) which offers just two sentences vaguely in support of the Motion to Certify.   The portion of Plaintiff's Declaration pertinent to certification states:

> 14. I know that other current and/or former employees had similar duties as .myself and were subject to the same pay practices and procedures of the Defendants.

> 15. I know that there are other current and/or former employees who wish to join the above referenced collective action if they are provided notice of their rights to opt-in the litigation.

Doc. 14-1 ¶¶14-15.   Despite the passage of six months, no opt-ins have filed a consent to join.   Nor has Plaintiff filed an affidavit from any other employee in support.   Plaintiff does not discuss even an estimated of the number of new employees who might have been subject to River Rocks' "uniform policy."   Moreover, Plaintiff's situation appears to be somewhat unique rather than a "blanket policy" as he asserts.   Plaintiff does not specifically assert that any other newly-employed hourly employees would have been paid less than the federal minimum wage once the uniform cost of was deducted from the total pay.

Plaintiff relies on the case of *Whineglass v. Smith*, an FLSA case in which the plaintiff moved for a collective action for unpaid overtime for hours worked in excess of forty in a workweek.   2012 WL 6163067 (M.D. Fla.) (report and recommendation), *adopted*, 2012 WL 6139006 (M.D. Fla. 2012) (citing *Harper v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 364-65 (M.D. Ala. 2008)).   The case is distinguishable in that, in *Whineglass,* four other former employees had filed consents to join (though one was withdrawn) and plaintiff alleged a blanket policy to refuse to pay overtime for all hours over 40 in the workweek, which was applied to all of the defendant's employees.   In this case, the wages and the number of hours worked by newly-employed hourly servers/bartenders are not alleged to be a fixed amount; and, depending on the gross wages earned, deducting the uniform cost may or may not cause the net wages of new employees to fall below the federal minimum wage.

Plaintiff has failed to provide any information on the scope of the number of other employees which would warrant "collective class" status, as opposed to the Court allowing other interested individuals (if any) to merely opt-in to join the litigation.   *See White*, at *3-*4.   Moreover, Plaintiff's proposed notice is defective because it fails to fully inform recipients about the consequences of "opting in," such as participating in discovery and responsibility for costs and counterclaims.   *See id.*

It is respectfully **RECOMMENDED** that Plaintiff's Motion To Certify Collective Action (Doc. 14) be **DENIED**.

### IV.      Standard for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).   The party moving for summary judgment must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" to support its position that it is entitled to summary judgment. Fed.R.Civ.P. 56(c)(1)(A).   However, "[t]he court need not consider only the cited materials" and may consider any other material in the record. Fed.R.Civ.P. 56(c)(3).

An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id.* The moving party bears the initial burden of identifying those portions of the record demonstrating a lack of genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hickson Corp. v. N. Crossarm Co., Inc.,* 357 F.3d 1256, 1260 (11th Cir. 2004). If the movant shows "an absence of evidence to support the nonmoving party's case," the burden then shifts to the non-moving party to demonstrate that there are, in fact,

genuine disputes of material facts. *Celotex*, 477 U.S. at 325; *see also Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

To satisfy its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).   Rather, the non-movant must go beyond the pleadings and "come forward with specific facts showing that there is a genuine issue for trial." *Id.* at 587; *Crawford–El v. Britton*, 523 U.S. 574, 600, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (holding that a non-movant carries its burden on summary judgment only by "identify[ing] affirmative evidence" which creates a genuine dispute of material fact).

In determining whether a genuine dispute of material fact exists, the Court must read the evidence and draw all factual inferences therefrom in the light most favorable to the non-moving party and must resolve any reasonable doubts in the non-movant's favor. *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1136 (11th Cir. 2007). Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita*, 475 U.S. at 587.

## V.    Application

Defendants seek to have summary judgment entered in favor of Plaintiff and against themselves, with Plaintiff being awarded $29.20 in damages, an equal amount in liquidated damages, Plaintiff's reasonable attorney's fees and costs in an amount to be determined[4]. Defendants submitted two affidavits from Defendants Michael Melhado and Tracy Silverthorn

---

[4] Defendants also argued that, if summary judgment is entered on Plaintiff's claim against them, then the collective action allegations in the Complaint should be dismissal as moot.   Doc. 27 at 2 (citing *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1529 (2013).   Given the Court's recommendation to deny Plaintiff's Motion to Certify Collective Action, the Court need not address this argument.

admitting that the amount Plaintiff was paid for his first week of work was $14.49 below the federal minimum wage.   Doc. 27 at 11-12, 21-22.

Plaintiff concedes that "[t]here is no dispute that Defendants violated Plaintiff's FLSA rights by unlawfully deducting the cost of his uniform from his first paycheck. The unlawful deduction was made pursuant to the defendants' written policy that required front-of-house employees to wear a uniform, the cost of which is deducted from their first paycheck."   Doc. 30 at 6 (citing Doc. 25, ¶24).   Plaintiff did not file any opposing affidavits, choosing instead to file the unauthenticated demand letter from his attorney to Defendants and notices from the state court case.   Doc. 30-1 to 30-5.   "If a party concedes that the facts are not disputed and makes no attempt to file counter-affidavits in response to the opponent's cross-motion under Rule 56, summary judgment, if otherwise proper, may be entered against him."   10 A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2720 (1998).

Plaintiff response to summary judgment consists exclusively of argument.   He contends that Defendants, who have multiple affirmative defenses outstanding, have moved for "summary judgment against themselves in order to cut off Plaintiff's ability to pursue a collective action." Doc. 30.   Plaintiff also argues that Defendants' Motion cannot be granted because they have failed to establish that they, as "the movants," are entitled to judgment as a matter of law as required by Rule 56(a).   Plaintiff concedes that the Court does have the ability to grant a motion for summary judgment in favor of a non-movant pursuant to Rule 56(f)(1), but argues that it is not an "instrument intended for use by Defendant to skirt liability for a potential collective action, especially at this early stage of the case and while discovery is outstanding and a motion for conditional certification is pending."   *Id*.   Because the Court is recommending that conditional certification be denied, that portion of Plaintiff's argument is moot.

It is respectfully **RECOMMENDED** that Defendants' Motion For Summary Judgment on Plaintiff's Individual Wage Claim (Doc. 27) be **GRANTED** and Plaintiff be awarded a judgment of **$29.20 in damages and an equal amount in liquidated damages**, as well as Plaintiff's reasonable attorney's fees and costs on proper motion.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 18, 2016.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy