**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

BRENDON PAYNE,

      Plaintiff,

v.                                Case No:  6:15-cv-1727-Orl-40DAB

RIVER ROCKS LLC, et al.,

      Defendants.

_____

## ORDER

This cause comes before the Court on the following:

1. Plaintiff's Motion for Certification of Collective Action and Permission to Send Court Supervised Notice to Employees of Their Opt-In Rights and Incorporated Memorandum of Law (Doc. 14), filed December 1, 2015;

2. Defendants' Amended Opposition to Plaintiff's Motion for Certification of Collective Action and Permission to Send Court Supervised Notice to Employees of Their Opt-In Rights and Incorporated Memorandum of Law (Doc. 31), filed March 29, 2016;

3. Defendants' Motion for Summary Judgment, Incorporated Statement of Undisputed Material Facts, and Incorporated Memorandum of Law (Doc. 27), filed March 15, 2016;

4. Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. 30), filed March 29, 2016;

5.  Defendants' Reply and Incorporated Memorandum of Law to Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. 34), filed April 7, 2016;

6.  The Magistrate Judge's Report and Recommendation (Doc. 37), filed May 18, 2016;

7.  Plaintiff's Objections to the Magistrate's Report and Recommendation (Doc. 38), filed June 1, 2016; and

8.  Defendants' Response to Plaintiff's Objections to the Magistrate's Report and Recommendation (Doc. 44), filed June 15, 2016.

## I.   BACKGROUND

The facts of this case are straightforward and undisputed.  From January 21, 2013 to August 9, 2014, Plaintiff, Brendon Payne ("Payne"), worked for Defendant, River Rocks LLC ("River Rocks"), as a server and bartender.  During his first week of employment, River Rocks paid Payne $7.79 per hour—an hourly rate that was greater than the federal minimum wage at the time.  As part of the terms of his employment, River Rocks required Payne to purchase a work uniform for $29.20, which River Rocks deducted from Payne's first paycheck.  As a result of this uniform deduction, however, River Rocks paid Plaintiff less than the federal minimum wage for his first week at work.

The procedural setting of this case is more complicated.  Payne initiated this lawsuit on October 13, 2015 by filing a one-count Complaint under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219.  Payne claims that River Rocks and its

managers[1] violated the FLSA by paying him less than the federal minimum wage during his first week of work and that he is entitled to recover back wages, an equal amount of liquidated damages, and his reasonable attorney's fees and costs.  Payne additionally brings this lawsuit as a putative collective action under the FLSA, and seeks to vindicate the rights of other similarly situated River Rocks employees who received less than the federal minimum wage during their first week of work due to the mandatory paycheck deduction for employee uniforms.

River Rocks agrees that it violated the FLSA and that Payne is entitled to recover the damages he seeks.  In fact, on November 16, 2015, River Rocks made an offer of judgment to Payne pursuant to Federal Rule of Civil Procedure 68 which would have provided Payne with complete relief: $60 in back wages and liquidated damages plus Payne's reasonable attorney's fees and costs.  Payne rejected that offer, however, and filed a motion to certify this lawsuit as a collective action soon after.

Three days later, River Rocks moved to dismiss Payne's case.  It was River Rocks' position that Payne's rejection of the offer of judgment acted to moot his FLSA claim.  The presiding Magistrate Judge then heard oral argument on the motion, during which he observed that the United States Supreme Court was contemporaneously considering a case which might resolve the issue—that is, whether an unaccepted Rule 68 offer of judgment acts to moot a plaintiff's claims if the offer would have afforded complete relief. On January 20, 2016, the Supreme Court answered the question in the negative,

---

[1]   Payne additionally sues Thornado Hospitality, LLC, Michael C. Melhado, and Tracey A. Silverthorn.  Melhado and Silverthorn are the sole managing members of Thornado Hospitality, LLC, which owns and operates multiples restaurants, including River Rocks.  For simplicity's sake, the Court refers to all Defendants collectively as "River Rocks" throughout this Order.

essentially holding that an unaccepted offer of judgment, much like an unaccepted settlement proposal, has no legal effect on a plaintiff's claims. *See Campbell-Edwald Co. v. Gomez*, 136 S. Ct. 663, 670–72 (2016). As a result, the Magistrate Judge submitted a report recommending that River Rocks' motion to dismiss be denied, which the undersigned adopted and confirmed without objection by any party.

On February 22, 2016, River Rocks filed its Answer and Affirmative Defenses to Payne's FLSA claim. Less than a month later, River Rocks moved for summary judgment. In its motion for summary judgment, River Rocks concedes that it paid Payne less than the federal minimum wage in violation of the FLSA and that Payne is entitled to all the relief he seeks for his individual FLSA claim. River Rocks therefore asks the Court to enter judgment as a matter of law against *itself* and in favor of Payne. Payne opposes the motion. Payne contends that, while there is no genuine dispute that River Rocks is liable, he is nevertheless permitted to pursue the collective action aspect of this lawsuit on behalf of other similarly situated River Rocks employees. According to Payne, River Rocks' motion for summary judgment is merely an attempt to circumvent the FLSA's collective action provisions and, consequently, to evade multiplicative liability. In reply, River Rocks justifies its admittedly unusual request on the grounds that it simply wants to end what it considers unnecessarily protracted litigation, especially where only $60 in actual damages (which River Rocks has agreed numerous times to pay) are at issue.

On May 18, 2016, the Magistrate Judge submitted a report on Payne's motion for certification and on River Rocks' motion for summary judgment. In his report, the Magistrate Judge recommends that Payne's motion to certify this case as a collective action be denied due to Payne's failure to identify any other similarly situated employee

who desires to opt-in to the litigation.  The Magistrate Judge additionally recommends that River Rocks' motion for summary judgment be granted and that judgment be entered in favor of Payne and against River Rocks on Payne's individual FLSA claim.  Now before the Court are Payne's objections to the Magistrate Judge's Report and Recommendation.

## II.    STANDARD OF REVIEW

A district judge may designate a magistrate judge to hear and determine both dispositive and non-dispositive matters.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a), (b).  When a magistrate judge decides a matter that is dispositive in nature, the magistrate judge must issue a report to the district judge specifying the magistrate judge's proposed findings of fact and the recommended disposition.  28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).  While a magistrate judge may submit a report a non-dispositive matter, it is not required.  *See* Fed. R. Civ. P. 72(a).

Regardless of whether a magistrate judge rules on a dispositive or a non-dispositive matter, any party who disagrees with the magistrate judge's decision has fourteen days from the date of the decision to object to those specific portions of the decision disagreed with.  Fed. R. Civ. P. 72(a), (b)(2).  When objection is made to the decision of a dispositive matter, the district judge must make a de novo determination of each issue objected to.  Fed. R. Civ. P. 72(b)(3).  De novo review "require[s] independent consideration of factual issues based on the record."  *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (per curiam).  The district judge may accept, reject, or modify, in whole or in part, the report of the magistrate judge or recommit the matter to the magistrate judge with further instructions.  Fed. R. Civ. P. 72(b)(3).

When objection is made to the decision of a non-dispositive matter, however, the district judge need only review the magistrate judge's decision for clear error.  Fed. R. Civ. P. 72(a).  In reviewing the decision, the district judge affords the magistrate judge considerable deference and will only set aside those portions of the decision that are contrary to law or that, upon review of the entire record, leave the district judge "with the definite and firm conviction that a mistake has been committed."  *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  Importantly, the question for the district judge is not whether the magistrate judge's decision is "the best or only conclusion that can be drawn from the evidence, or whether it is the one which the [district judge] would draw," but rather whether the magistrate judge's decision is reasonable and supported by evidence in the record.  *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985), *cert. denied*, 475 U.S. 1019 (1986).

## III.  DISCUSSION

### A.    Payne's Motion to Certify Collective Action

Payne lodges seven specific objections against the Magistrate Judge's recommendation to deny his motion for certification.  Because the Magistrate Judge's recommendation is dispositive of Payne's collective action allegations, the undersigned will review the Magistrate Judge's decision de novo.

One overarching issue permeates Payne's objections to the Magistrate Judge's report: whether Payne offered sufficient evidence to demonstrate that other similarly situated employees exist to warrant certification of a collective action.  Unlike the class action mechanism provided by Rule 23 where a named plaintiff may represent the rights of absent class members, the FLSA's collective action mechanism requires that similarly

situated employees affirmatively opt into the litigation in order to assert their rights.  *See* 29 U.S.C. § 216(b); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258–59 (11th Cir. 2008).   Any employee who does not opt into the litigation will not share in any settlement or judgment procured by the plaintiff.  *See Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 847 (N.D. Ill. 2008).

To certify a collective action under the FLSA, the Eleventh Circuit suggests that district courts employ a two-stage approach.  *Hipp v. Liberty Nat'l Life Ins.*, 252 F.3d 1208, 1219 (11th Cir. 2001) (per curiam).   At the first stage—called the "notice stage"—the district court must decide whether notice should be provided to current or former employees who may wish to opt in.  *Id.* at 1218.   "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."  *Id.* (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995)).   Nevertheless, the plaintiff's burden is not nonexistent; he must at least offer detailed allegations supported by affidavits or other evidence indicating that similarly situated employees want to join the litigation.  *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996); *see also Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004) (collecting cases describing the types of evidence which may be sufficient to show that other employees wish to opt in).   To be sure, "unsupported expectations that additional plaintiffs will subsequently come forward" are not enough.  *Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1220 (M.D. Fla. 2003); *see also Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983) (commenting that counsel's unsupported assertions of widespread FLSA violations and the likely existence of similarly situated employees are

not enough).  If granted, conditional certification "authorizes either the parties, or the court itself, to facilitate notice of the action to similarly situated employees."  *Morgan*, 551 F.3d at 1259.  After receiving notice, these employees may then opt into the suit and proceed through the litigation with the same rights and obligations as the named plaintiff.  *See id.*

The second stage of certification is generally precipitated by a motion for decertification filed by the employer after discovery is largely complete.  *Hipp*, 252 F.3d at 1218.  At this stage, the court must determine whether the employees who have opted into the litigation are, in fact, similarly situated to the plaintiff such that the matter should proceed to trial on a collective basis.  *Id.*  If the opt-in employees are not similarly situated, the court will decertify the collective action, dismiss the opt-in parties without prejudice, and allow the named plaintiff to proceed on his individual claims.  *Id.*

Payne's motion for certification asks the Court to conditionally certify this lawsuit as a collective action and to facilitate notice to former and current River Rocks employees. The Court therefore finds itself at the first stage of certification and must determine whether plaintiff establishes that other similarly situated River Rocks' employees exist who wish to join this litigation.

In support of certification, Payne produces an unsworn declaration in which he describes River Rocks' paycheck uniform deduction policy.  Specifically, Payne avers that River Rocks initially paid him $7.79 per hour, that River Rocks required him and other servers and bartenders to wear uniforms, that River Rocks deducted the costs of these uniforms from employees' first paychecks, and that he received less than the federal minimum wage for his first week at work as a result.  (Doc. 14-1, pp. 1–2).  Payne states that he knows other current and former River Rocks employees who, like him, received

less than the federal minimum wage for their first week of work due to the paycheck uniform deduction and that these individuals would join this litigation if they received notice. (*Id.* at p. 2). Payne additionally attaches to his declaration copies of a "River Rocks Uniform Receipt" and a "Consent to Payroll Deductions," which appear to be boilerplate employment forms in which an employee agrees to purchase his or her uniform and authorizes River Rocks to deduct the cost of that uniform from the employee's paycheck. (*Id.* at pp. 4, 6). Payne also provides a copy of the paystub reflecting his uniform deduction. (*Id.* at p. 8).

While the evidence Payne presents may indeed indicate that other employees exist who suffered the same wage violations, there is no evidence demonstrating that any other employee wishes to join this litigation. Although Payne states that he knows other employees who would join this action were the Court to grant conditional certification, none of them have appeared in this case or have submitted affidavits to Payne's counsel to file with the Court. Moreover, Payne's statement takes the form of an unsworn declaration not made under penalty of perjury as required by 28 U.S.C. § 1746. The Court therefore affords Payne's assertion no weight, especially in the complete absence of any other evidence to support his claim. *See In re Davis*, 565 F.3d 810, 826 (11th Cir. 2009) (finding that an unsworn affidavit should be afforded "little weight, if any").

The cornerstone of the first stage of certification under the FLSA's collective action provision is that the plaintiff must demonstrate the existence of other employees *who wish to opt into the litigation. See Grayson*, 79 F.3d at 1097. Because Payne has failed to point to any other employee who holds such a desire, conditional certification is

inappropriate.[2]  The Court will therefore adopt the Magistrate Judge's recommendation and deny Payne's motion for certification.

## B.    River Rocks' Motion for Summary Judgment

Payne also objects to the Magistrate Judge's recommendation to grant River Rocks' motion for summary judgment.  The undersigned reviews Payne's objection de novo.

Pursuant to Federal Rule of Civil Procedure 56(a), River Rocks moves the Court to enter summary judgment against itself and in favor of Payne.  However, the plain language of Rule 56(a) precludes the type of self-inflicted summary judgment River Rocks proposes:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.  The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and *the movant is entitled to judgment as a matter of law*.

Fed. R. Civ. P. 56(a) (emphasis added).  According to the rule, a movant cannot move for summary judgment on behalf of another party, but may only move for summary judgment in its own favor.  It is certainly a rare case for a party to move for summary judgment against itself, and this Court is not inclined to enter summary judgment under

---

[2]  Payne's objections to the Magistrate Judge's Report and Recommendation revolve primarily around the fact that he has propounded discovery on River Rocks which might reveal employees who wish to join this lawsuit.  However, Payne propounded those discovery requests well after he filed his motion for certification.  Any evidence which might have been produced from these discovery requests were therefore not submitted for the Magistrate Judge's review.  Moreover, despite almost one year of litigation, and despite Payne's claim that he knows other employees who want to join this lawsuit, no person has indicated such a desire to this Court.  As a result, the undersigned is left with the same evidentiary record which the parties submitted to the Magistrate Judge.

Rule 56(a) without Payne's consent, which he does not give.[3]   The Court will therefore reject the Magistrate Judge's recommendation and deny River Rocks' motion for summary judgment.

Nevertheless, and as the Magistrate Judge correctly observes in his Report and Recommendation, the Court can grant summary judgment pursuant to Rule 56(f).   Under that rule, the Court is permitted to *sua sponte* enter summary judgment in favor of any party after identifying the material facts that may not be genuinely disputed and providing adequate notice and an opportunity to respond.   Fed. R. Civ. P. 56(f)(3).   Upon review of the record in this case, the Court will provide such notice in a subsequent order.

## IV.   CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objections to the Magistrate's Report and Recommendation (Doc. 38) are **SUSTAINED IN PART** and **OVERRULED IN PART** as stated herein.

2. The Magistrate Judge's May 18, 2016 Report and Recommendation (Doc. 37) is **ADOPTED IN PART** and **REJECTED IN PART** as stated herein.   The Report and Recommendation is made a part of this Order to the extent it is adopted.

---

[3]   The Court notes that at least one court has construed such a motion as an offer of judgment made pursuant to Rule 68, the same type of offer of judgment which Payne rejected and this Court determined to have no legal effect. *See Objectwave Corp. v. Authentix Network, Inc.*, No. 00 C 7823, 2002 WL 1477625, at *4 (N.D. Ill. July 9, 2002).

3. Plaintiff's Motion for Certification of Collective Action and Permission to Send Court Supervised Notice to Employees of Their Opt-In Rights (Doc. 14) is **DENIED**.

4. Defendants' Motion for Summary Judgment (Doc. 27) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on September 9, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

The Honorable Magistrate Judge
Counsel of Record