**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BRENDON PAYNE,**

        **Plaintiff,**

**v.**                                           **Case No:  6:15-cv-1727-Orl-40DCI**

**RIVER ROCKS LLC, THORNADO**
**HOSPITALITY, LLC, MICHAEL C.**
**MELHADO and TRACY A.**
**SILVERTHORN,**

        **Defendants.**

**REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION FOR REASONABLE ATTORNEY'S FEES AND COSTS (Doc. 56)** |
| **FILED:** | **October 25, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

I.    **BACKGROUND.**

On October 13, 2015, Plaintiff filed a putative collective action complaint (the Complaint) against Defendants.  Doc. 1.  The Complaint stems from Plaintiff's employment with Defendants. *Id*.  Plaintiff began working for Defendants in January 2013, at Florida's then minimum hourly wage of $7.79.  *Id*. at ¶ 19.  Plaintiff alleged that Defendants wrongfully deducted a $29.20 "Uniform Fee" from his first paycheck.  *Id*. at ¶ 27.  As a result, Plaintiff was paid below the Florida and federal minimum wages for his first week of work.  *Id*. at ¶ 28.  Plaintiff alleged that

other, similarly situated employees were subject to the same deduction, and thus were paid below the Florida and federal minimum wages for their first week of work. *Id*. at ¶ 31.  Therefore, Plaintiff, on behalf of himself and other similarly situated employees, asserted a single claim for unpaid minimum wages in violation of the Fair Labor Standards Act (the FLSA), 29 U.S.C. § 206. *Id*. at ¶¶ 36-44.

On November 16, 2015, Defendants served Plaintiff with an offer of judgment (the Offer of Judgment), pursuant to Rule 68, Federal Rules of Civil Procedure.  Doc. 16 at 3.  In the Offer of Judgment, Defendant proposed to provide Plaintiff with $60.00 in damages (representing the unpaid wages sought), an equal amount of liquidated damages, and an unspecified amount of reasonable attorney fees and costs to be determined by the Court. *Id*.[1]  On November 30, 2015, Plaintiff rejected the Offer of Judgment. *Id*.

On December 1, 2015, Plaintiff filed a Motion for Certification of Collective Action (the Motion to Certify), requesting conditional certification of a collective action against Defendants. Doc. 14.  Defendants opposed the Motion to Certify.  Doc. 31.

On December 4, 2015, Defendants filed a Motion to Dismiss Plaintiff's Complaint (the Motion to Dismiss), arguing that the Offer of Judgment fully compensated Plaintiff, and, thus, rendered the entire case moot.  Doc. 16.  Plaintiff opposed the Motion to Dismiss.  Doc. 19.

On January 21, 2016, Magistrate Judge David A. Baker entered a report (the January Report) finding that Defendants' unaccepted Offer of Judgment did not moot Plaintiff's individual or collective action claims, and thus recommended the Motion to Dismiss be denied.  Doc. 23.  On

---

[1] Defendants did not file the Offer of Judgment with the Court.  Thus, the undersigned has not independently reviewed the Offer of Judgment.  The undersigned, however, has no reason to question the existence or the terms of the Offer of Judgment, because Plaintiff has never challenged Defendants' representations concerning the Offer of Judgment.

February 8, 2016, the Court enter an order adopting the January Report, and denied the Motion to Dismiss. Doc. 24.

On February 22, 2016, Defendants filed their answer and affirmative defenses. Doc. 25.

On March 15, 2016, Defendants filed a Motion for Summary Judgment, conceding that it paid Plaintiff less than the federal minimum wage in violation of the FLSA, and, as a result, Plaintiff is entitled to all the relief he seeks under his individual FLSA claim. Doc. 27. Therefore, Defendants requested that the Court enter summary judgment against them and in favor of Plaintiff, and award Plaintiff $29.20 in damages, an equal amount in liquidated damages, and Plaintiff's reasonable attorney fees and costs. *Id*. at 6. Plaintiff opposed the Motion for Summary Judgment, arguing that, while there is no genuine dispute that Defendants are liable, Plaintiff was nevertheless permitted to pursue the collective action on behalf of other similarly situated employees. Doc. 30. Therefore, Plaintiff requested that the Motion for Summary Judgment be denied. *Id*. at 7.

On May 18, 2016, Judge Baker entered a report (the May Report) recommending that the Motion to Certify be denied, because Plaintiff failed to identify any other similarly situated employees who desired to opt-in to the case, and no other employees filed a consent to the join the case. Doc. 37 at 5-10. Further, Judge Baker recommended that the Motion for Summary Judgment be granted. *Id*. at 11-13. Plaintiff objected to the May Report. Doc. 38.[2]

On September 9, 2016, the Court entered an order on the May Report. Doc. 46. The Court found that Plaintiff failed to identify any other similarly situated employees who desired to opt-in

---

[2] Between April and June 2016, Plaintiff filed several discovery motions to compel Defendants to respond to his written discovery that sought information relevant to his collective action claim. Docs. 35; 41. The Court ultimately denied the discovery motions without prejudice, pending the Court's ruling on the May Report. Doc. 45.

to the case, and, thus, adopted Judge Baker's recommendation that the Motion to Certify be denied. *Id*. at 6-10.  The Court, however, found Defendants were precluded from seeking summary judgment against themselves pursuant to Rule 56(a), Federal Rules of Civil Procedure, and, thus, rejected Judge Baker's recommendation that the Motion for Summary Judgment be granted.  *Id*. at 10-11.  Therefore, the Court denied the Motion to Certify and the Motion for Summary Judgment.  *Id*. at 11-12.

On September 15, 2016, the Court entered an order identifying the material facts that appeared to be undisputed, and notifying the parties of its intent to grant Plaintiff summary judgment on his individual FLSA claim pursuant to Rule 56(f), Federal Rules of Civil Procedure. Doc. 47 at 1-2.  The Court provided Plaintiff with an opportunity to explain why summary judgment should not be entered in his favor, and provided Defendants with an opportunity to respond.  *Id*. at 3.  On September 21, 2016, Plaintiff filed a response stating that he did not oppose entry of summary judgment in his favor in accordance with the Court's September 15, 2016 order. Doc. 48 at 1.  On September 23, 2016, Defendants filed a reply stating that they did not oppose the entry of summary judgment in Plaintiff's favor in accordance with the Court's September 15, 2016 order.  Doc. 49 at 2.  Therefore, on September 27, 2016, the Court entered an order granting summary judgment in Plaintiff's favor and against Defendants, providing:

> Plaintiff, Brendon Payne, shall recover jointly and severally among Defendants, River Rocks LLC, Thornado Hospitality, LLC, Michael C. Melhado, and Tracy A. Silverthorn, the sum of $29.20 in damages, plus $29.20 in liquidated damages, plus Plaintiff's reasonable attorney's fees and costs, plus interest as available under prevailing law, for which sum let execution issue.

Doc. 50 at 1-2.  The Court also granted Plaintiff leave to file a motion for attorney fees and costs. *Id*. at 2.

On October 12, 2016, Plaintiff filed a Motion for Reasonable Attorney's Fees and Costs. Doc. 54.   On October 14, 2016, the Court entered an order denying the Motion, because Plaintiff failed to comply with Local Rule 3.01(g).   Doc. 55.   On October 25, 2016, Plaintiff filed an Amended Motion for Reasonable Attorney's Fees and Costs (the Amended Motion).   Doc. 56.   On November 8, 2016, Defendants filed a response in opposition to the Amended Motion.   Doc. 57. The matter is now ripe for review.

## II.   <u>ANALYSIS</u>.

There is no dispute that Plaintiff is the prevailing party, and, as a result, is entitled to an award of attorney fees and costs against Defendants.   The parties, however, dispute the amount of attorney fees and costs Plaintiff seeks to recover.   Plaintiff maintains that his counsel, Joseph C. Wood, billed 89.4 hours at an hourly rate of $250.00 prosecuting this case.   Docs. 56 at 7-12; 56-2 at 2-3, 6-9.[3]   Therefore, Plaintiff requests an award of $22,350.00 in attorney fees.   *Id.* at 13. Plaintiff also requests an award of $486.40 in costs.   *Id.*   Defendants argue that Plaintiff should not be awarded any attorney fees, or, in the alternative, that his request for attorney fees and costs be limited to the fees and costs incurred prior to the Offer of Judgment being served.   Doc. 57.

### A.  Attorney Fees.

The FLSA allows for recovery of reasonable attorney fees in addition to any judgment awarded to the plaintiff.   29 U.S.C. § 216(b).   The Court uses the familiar "lodestar" method in determining a reasonable fee award, which is calculated by multiplying the reasonable hourly rate by the number of hours reasonably expended.   *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

---

[3] The docket reveals that Plaintiff was represented by Mr. Wood, as well as Mauricio Arcadier, Esq., and Stephen J. Biggie, Esq.  Plaintiff, however, is not seeking any fees for work performed by Messrs. Arcadier or Biggie.  *See* Docs. 56; 56-2 at 1-3, 6-9.

There is a strong presumption that the lodestar figure is reasonable. *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 553-54 (2010). The Court may, nevertheless, adjust the lodestar to account for a variety of factors, including those identified in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974),[4] such as the degree of plaintiff's success in the case. *Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006) (citing *Hensley*, 461 U.S. at 435-36).

### 1. Reasonable Hourly Rate.

Plaintiff maintains that Mr. Wood charged $250.00 per hour for the work he performed in this case. Doc. 56 at 8-11. Plaintiff argues that this rate is reasonable given Mr. Wood's experience and recent fee awards in FLSA cases. *Id.* at 9-11.[5] Defendants do not oppose Mr. Wood's hourly rate. *See* Doc. 57. In light of Mr. Wood's experience, recent fee awards in FLSA cases, and the lack of opposition, the undersigned finds that $250.00 is a reasonable hourly rate for the work that Mr. Wood performed in this case. *See, e.g.*, *Cano v. Crab Addison, Inc.*, 6:16-cv-1023-Orl-40KRS, 2016 WL 6782773, at *2-3 (M.D. Fla. Oct. 28, 2016) (finding $250.00 was a reasonable hourly rate for attorney in FLSA case, who practiced law for less than four years) *report and recommendation adopted*, 2016 WL 6729238 (M.D. Fla. Nov. 15, 2016).

---

[4] The *Johnson* factors include: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

[5] Mr. Wood has practiced law for approximately five years. Doc. 56-2 at 2.

## 2. **Reasonable Hours.**

Plaintiff maintains that Mr. Wood spent a total of 89.4 hours working on this case. Docs. 56 at 8; 56-2 at 6-9. Plaintiff argues that the time Mr. Wood spent on this case was reasonable given the Offer of Judgment, the Motion to Dismiss, the discovery disputes, and the Motion for Summary Judgment. Doc. 56 at 8, 11-12. Defendants maintain that approximately half of the time Mr. Wood spent on this case was either excessive, redundant, unnecessary, or otherwise unrecoverable. Doc. 57 at 9-12.

Counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In demonstrating that their hours are reasonable, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so the district court can assess the time claimed for each activity." *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). Likewise, a party opposing a fee application should submit objections and proof that are specific and reasonably precise. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). A fee opponent's failure to explain with specificity the particular hours he or she views as "excessive, redundant, or otherwise unnecessary" is generally fatal. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *Barnes*, 168 F.3d at 428 (quotations omitted).

### i.  Pre-suit Investigation.

Defendants challenge the time that Mr. Wood spent investigating Defendants before filing this case.  Doc. 57 at 9.  Specifically, Defendants challenge the following time entry:

| Date | Task(s) | Time |
|---|---|---|
| 10/5/15 | Research corporate structure.  Review prior lawsuits. 05-2007-CA-015674-review docket of Brevard county case involving M. Melhado.  Read deposition of M. Melhado taken after judgment.  Review sunbiz for all organizations related to owners. | 4.0 |

*Id*.  Defendants argue that it was not necessary to review "prior lawsuits" before filing this case.

*Id*.  The undersigned agrees.  There is nothing in the record demonstrating why Mr. Wood needed to review "prior lawsuits" before filing this case, especially the lawsuit cited in the time entry. Further, Plaintiff has provided no explanation why such research was necessary before filing this case.  *See* Doc. 56.  Thus, the undersigned finds that the time Mr. Wood spent reviewing "prior lawsuits" was unnecessary.  Therefore, Plaintiff should only recover fees for the time Mr. Wood spent researching River Rocks LLC's and Thornado Hospitality LLC's corporate structure and reviewing Sunbiz records.  The undersigned finds that Plaintiff reasonably spent two hours conducting said research before filing this case.

### ii.  Drafting Complaint.

Defendants challenge the time Mr. Wood spent drafting the complaint.  Doc. 57 at 9-10. Specifically, Defendants challenge the following time entry:

| Date | Task(s) | Time |
|---|---|---|
| 10/6/15 | Research collective actions. Review prior complaints involving collective action (FLSA). Draft complaint. Determine class. | 6.0 |

*Id*.  Defendants argue that time spent researching and drafting the Complaint is excessive considering Mr. Wood's experience, and the case law prohibiting self-education.  *Id*. (citing *Lang*

*v. Reedy Creek Improvement Dist.*, Case No. 6:94-cv-693-DAB, 1997 WL 809200, at *5 (M.D. Fla. Dec. 23, 1997)).  The undersigned agrees.  Mr. Wood has practiced law for five years, and has focused his practice on labor and employment law.  Doc. 56-2 at 2.  This experience should have been more than sufficient to research and draft the Complaint in this straightforward FLSA action in less than six hours.  Thus, the undersigned finds that the time Mr. Wood spent researching and drafting the Complaint was excessive.  The undersigned finds three hours is a reasonable time for researching and drafting the Complaint.  *See Masino v. Rib City Immokalee*, Case No. 2:08-cv-706-FtM-29SPC, 2009 WL 702835, at *2 (M.D. Fla. Feb. 26, 2009) (reducing time spent drafting straightforward FLSA complaint from four hours to one hour) *report and recommendation adopted in part and modified in part*, 2009 WL 702830 (M.D. Fla. Mar. 17, 2009).

### iii. Clerical Tasks.

Defendants challenge the time Mr. Wood spent on clerical tasks.  Doc. 57 at 10-11.  Specifically, Defendants challenge the following time entries:

| Date | Task(s) | Time |
|---|---|---|
| 10/13/15 | Review and file complaint and cover sheet with court. | 0.2 |
| 11/2/15 | Draft and file notice of pendency of other actions with small claims case. | 0.1 |
| 11/2/15 | Review interested person order.    [R]eview public records to find trust(s)[.] | 0.3 |
| 1/8/16 | Review motion to dismiss.   Review response in opposition.   Review rule 68 case law. Review Stein.   Review cases since Stein.   Review MD FLA holdings regarding rule 68.   Prepare outline and notebook for hearing. | 5.0 |
| 1/20/16 | [D]raft and file supplemental authority, Campbell-Edwald Co. v. Gomez. | 0.4 |
| 4/22/16 | Finalize motion to compel discovery and file with court. | 3.0 |
| 6/2/16 | [D]raft and file notice of supplemental exhibit to objections[.] | 0.4 |
| 6/6/16 | Finalize motion to compel. [F]ile with court[.] | 0.6 |
| 9/28/16 | [R]eview judgment and calendar deadline to file motion[.] | 0.1 |
| | Total = | 10.1 |

*Id.* Defendants argue that filing documents, reviewing public records, preparing an outline and notebook for a hearing, and calendaring deadlines constitute non-compensable clerical work. *Id.* The undersigned agrees in part. "[A] fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical, or which did not require the full exercise of an attorney's education and judgment." *Norman*, 836 F.2d at 1306. A majority of the tasks Defendants challenge – filing, preparation of a hearing notebook, and calendaring deadlines – are clerical tasks. *See Galvez v. Cuevas*, 2009 WL 1024632, at *5 (S.D. Fla. Apr. 15, 2009) (finding that filing documents and calendaring dates are non-compensable clerical tasks); *Plumbers & Pipefitters Union No. 421 Health & Welfare Fund v. Brian Trematore Plumbing & Heating, Inc.*, 2013 WL 3816660, at *4 (M.D. Ga. July 22, 2013) (finding that preparation of hearing notebook is a non-compensable clerical task). The undersigned, however, is not persuaded that reviewing public records and preparation of an outline for the Motion to Dismiss hearing was clerical work. Therefore, considering the minimal amount of time Mr. Wood spent performing clerical tasks, the undersigned finds that Mr. Wood reasonably spent 9.6 hours of compensable time to complete the tasks detailed in the foregoing time entries.

### iv. Travel.

Defendants challenge the time Mr. Wood spent traveling to and from Orlando for the Motion to Dismiss hearing. Doc. 57 at 11. Specifically, Defendants challenge the following time entry:

| Date | Task(s) | Time |
|---|---|---|
| 1/11/16 | [T]ravel to and from Orlando for hearing on motion to dismiss[.] | 2.0 |

*Id.* at 11. Defendants argue that Mr. Wood's travel time is not compensable. *Id.* (citing *Ranize v. Town of Lady Lake*, Case No. 5:11-cv-646-Oc-PRL, 2015 WL 1037047, at *6 (M.D. Fla. Mar. 10,

2015)). The undersigned agrees.  There is no bright-line rule with respect to recovering attorney's fees for counsel's travel time, but "a fee applicant seeking to recover expenses incurred for retaining non-local counsel generally must show a lack of attorneys practicing in that place who are willing and able to handle his claims." *Martinez v. Hernando Cty. Sheriff's Office*, 579 F. App'x 710, 714 (11th Cir. 2014). (internal quotations omitted).  Plaintiff retained counsel located in Melbourne, Florida, and filed this case in Orlando, Florida.  The undersigned respects Plaintiff's right to retain counsel of his choice, but he presented no evidence showing a lack of local counsel willing and able to represent him in this FLSA action.  Therefore, the undersigned finds it would not be reasonable to pass Mr. Wood's fees for traveling to the Motion to Dismiss hearing on to Defendants.  *See Demers v. Adams Homes of Nw. Florida, Inc.*, Case No. 6:06-cv-1235-Orl-31KRS, 2008 WL 2413934, at *2 (M.D. Fla. June 11, 2008) (reducing time entries including travel time, where lawyers traveled 72 miles from Melbourne to Orlando) *aff'd*, 321 F. App'x 847 (11th Cir. 2009).

### v.  Rule 68 Research.

Defendants challenge the time Mr. Wood spent researching Rule 68.  Doc. 57 at 11. Specifically, Defendants challenge the following time entries:

| Date | Task(s) | Time |
|---|---|---|
| 11/16/15 | Review law pertaining to rule 68 flsa collective actions. SCOTUS and 11th cir. holdings. [D]etermine how to respond to D rule 68 offer[.] | 1.5 |
| 11/30/15 | Review law regarding picking off plaintiffs. Review law re rule 68 and flsa. Respond to Opposing Counsel rejecting offer. | 1.5 |
| 12/17/15 | Research cases re rule 68 and mootness. Research all cases after Stein. Review SCOTUS oral arguments on the issue. | 1.5 |
| 1/8/16 | Review motion to dismiss. Review response in opposition. Review rule 68 case law. Review Stein. Review MD FLA holdings regarding rule 68. Prepare outline and notebook for hearing. | 5.0 |

| | | |
|---|---|---|
| 3/22/16 | Research rule 68 and flsa. Research rule 56 and nonmovant. Review all affidavits of D. case law for conditional cert. without additional declarant. Review small claims docket. Draft response to MSJ. | 6.5 |
| 5/29/16 | [R]eview the issue of rule 68 and its application in flsa actions re fee/costs[.] | 1.0 |
| | Total = | 17.0 |

*Id*. Defendants argue that Mr. Wood spent an excessive amount of time researching Rule 68. *Id*.

The undersigned disagrees. A central issue in this case was the impact of Defendants' Offer of

Judgment. The law pertaining to Rule 68 was evolving during the course of this litigation, as

evidenced by the recent decision in *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663 (2016).

Therefore, the undersigned finds that the amount of time Mr. Wood spent researching Rule 68 was

reasonable under the circumstances of this case.

### vi. Drafting Fee Motion.

Defendants challenge the time that Mr. Wood spent drafting the Amended Motion. Doc.

57 at 11-12. Specifically, Defendants challenge the following time entries:

| Date | Task(s) | Time |
|---|---|---|
| 10/10/16 | Begin draft motion for fees and costs. Research flsa awards in MD FLA. Review economics and law office management survey. Review lodestar and Johnson factors. | 3 |
| 10/11/16 | [D]raft affidavit in support of motion[.] | 1 |
| 10/11/16 | Review all dockets, motions for fees, report and recommendations and orders for those cases cited in motion for fees and costs. Finalize motion for fees and costs and supporting documents. | 5 |
| | Total = | 9.0 |

*Id*. at 11. Defendants argue that Mr. Wood spent an excessive amount of time drafting the

Amended Motion. *Id*. at 12. The undersigned disagrees. The amount of time Mr. Wood spent on

the Amended Motion is significant, but the undersigned, having reviewed the Amended Motion

and the attachments thereto, finds that the amount of time Mr. Wood spent drafting the Amended

Motion is not unreasonably excessive.

### 3. Lodestar.

The chart below represents the undersigned's foregoing findings:

| Attorney | Hourly Rate | Hours | Total Fees |
|----------|-------------|-------|------------|
| Mr. Wood | $250.00 | 81.9 | $20,475.00 |

Therefore, the lodestar for Mr. Wood is $20,475.00.  The undersigned must now consider whether

the lodestar should be adjusted downward.

### 4. Lodestar Adjustment.

Defendants argue that Plaintiff's request for attorney fees is patently excessive given the

circumstances of this case.  Doc. 57 at 6.  Specifically, Defendants represent that they never

disputed Plaintiff's individual FLSA claim, and, thus, tendered the Offer of Judgment one month

after Plaintiff filed the Complaint, offering him more than full compensation, including liquidated

damages, and his reasonable attorney fees and costs.  *Id*.  Defendants maintain that Plaintiff

rejected the Offer of Judgment to pursue a collective action.  *Id*.  Defendants maintain that Plaintiff

pursued the collective action despite knowing of no other employees who wished to join the case.

*Id*.  Thus, Defendants argue that Plaintiff's pursuit of the collection action was patently

unreasonable, and done for the sole purpose of generating attorney fees.  *Id*.  Therefore, Defendants

argue that Plaintiff's request for attorney fees is unreasonable given his rejection of the Offer of

Judgment (which ultimately proved to be more favorable than the final judgment) and the failure

of his collective action claim.  *Id*. at 6-7.  In light of the foregoing, Defendants argue that Plaintiff's

request for attorney fees should be denied in full, or, in the alternative, his request for attorney fees

be limited to the fees incurred prior to the Offer of Judgment being served – *i.e.* $4,450.00.  *Id*. at

4-9.

The Court, as previously mentioned, may consider a variety of factors in determining whether the lodestar should be adjusted downward. Defendants request that the lodestar be reduced in light of Plaintiff's rejection of the Offer of Judgment and his limited success. Doc. 57 at 4-9. The Court may consider a party's rejection of a Rule 68 offer in determining whether a downward adjustment of the lodestar is warranted. *See, e.g.*, *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1325 (M.D. Fla. 2001) (explaining that when a Rule 68 Offer is rejected, the reasonableness of an attorney fee award under the FLSA will depend on the court's consideration of the results the plaintiff obtained by going to trial compared to the Rule 68 Offer) (citing *Dalal v. Alliant Techsystems, Inc.*, 182 F.3d 757, 760 (10th Cir. 1999); *Haworth v. Nevada*, 56 F.3d 1048, 1052 (9th Cir.1995)). The Court may also consider the prevailing party's degree of success, which is the most crucial factor in determining whether a downward adjustment of the lodestar is warranted. *Hensley*, 461 U.S. at 434-36.

The undersigned is not convinced that Plaintiff's request for attorney fees should be denied in full. Defendants maintain that this case is analogous to the situation in *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003), wherein the court denied plaintiff's request for attorney fees in full. Doc. 57 at 4-6. In light of the alleged similarity between this case and *Goss*, Defendants argue that the Court should reach the same conclusion and deny Plaintiff's request for attorney fees in full. *Id*.

In *Goss*, plaintiff worked for defendant for approximately two weeks before she was terminated. *Goss*, 248 F. Supp. 2d at 1164. Defendant prepared a check to cover plaintiff's final two days of work, and advised her to pick it up, but she refused to do so and, instead, filed an FLSA action against defendant seeking unpaid wages from her final two days of work and an unspecified amount of unpaid overtime wages. *Id*. at 1164-65. Defendant's counsel repeatedly

contacted plaintiff's counsel after the complaint was filed to ascertain the amount of damages that she was seeking, but plaintiff's counsel did not provide an amount.  *Id*. at 1165.  Defendant then tendered $137.03 for the plaintiff's final two days' of work, but plaintiff's counsel responded that the payment did not address the overtime claim.  *Id*.  The defendant had no specific information regarding any overtime worked during the plaintiff's short employment, but, nevertheless, tendered another check for $178.86, the highest possible amount that the plaintiff could claim for unpaid overtime wages.  *Id*.  Thereafter, the parties settled the case and plaintiff's counsel sought over $19,000.00 in attorney's fees.  *Id*. at 1165, 1167-68.  The court found that the case was frivolous from the outset, and that plaintiff's counsel engaged in a pattern of conduct that was aimed at inflating his fees.  *Id*. at 1168-69.  As a result, the court concluded that plaintiff was not entitled to recover any fees.  *Id*. at 1169.

This case is distinguishable from *Goss* in two material respects.  First, this case, unlike *Goss*, was not frivolous from the outset, since there was no dispute that Plaintiff was paid below the applicable minimum wage during his first week of employment with Defendants.  Second, this case, unlike *Goss*, involved an individual FLSA claim and a collective action claim.  This distinction is significant, because it was not patently unreasonable for Plaintiff to reject the Offer of Judgment and pursue the collective action.  Plaintiff's failure to present sufficient evidence demonstrating that other employees wanted to join the action, does not, as Defendants argue, demonstrate that he knowingly pursed the collective action to generate attorney fees.  Plaintiff simply failed to meet his burden; a fact the Court may consider when determining whether the lodestar should be adjusted.  In light of the foregoing, the undersigned finds that this case is distinguishable from *Goss*, and, thus, finds *Goss* does not provide a basis for the Court to deny Plaintiff's request for attorney fees in full.

The undersigned is also not convinced that Plaintiff should be precluded from recovering attorney fees incurred after the Offer of Judgment was served.  A number of courts have addressed similar arguments in FLSA cases, and have declined to preclude the plaintiff from recovering attorney fees incurred after a Rule 68 offer was made.  *See Brandt v. Magnificent Quality Florals Corp.*, 2011 WL 4625379, at *6-7 (M.D. Fla. Sept. 30, 2011) (citing *Wales*, 192 F. Supp. 2d at 1325).  These cases are persuasive, because they are consistent with the general finding that the rejection of a Rule 68 offer, which ultimately proves to be more favorable than the final judgment, is just one factor to consider in determining whether the lodestar should be adjusted.  *See, e.g.*, *Wales*, 192 F. Supp. 2d at 1325 (citing *Dalal*, 182 F.3d at 760; *Haworth*, 56 F.3d at 1052). Further, such a limitation would also preclude Plaintiff from recovering attorney fees for work that would have been performed regardless of his rejection of the Offer of Judgment, such as fees for seeking attorney fees.  Therefore, the undersigned finds that Plaintiff should not be precluded from recovering attorney fees incurred after the Offer of Judgment was served.

In spite of the foregoing, the undersigned finds that the lodestar should be reduced.  This case involved Plaintiff's individual FLSA claim and a collective action claim.  Doc. 1.  A month after the case was filed, Defendants served Plaintiff with an Offer of Judgment that clearly resolved the individual FLSA claim.  Plaintiff, however, rejected the Offer of Judgment to pursue the collective action.  A vast majority of the work performed in this case related to Plaintiff's pursuit of the collective action.  Plaintiff, however, failed to obtain certification of the collective action, and, as a result, agreed to the entry of a final judgment on his individual FLSA claim, which was less favorable than the Offer of Judgment.  In light of the foregoing, the undersigned finds that the lodestar is grossly disproportionate to Plaintiff's limited success in this case, and, thus, a reduction of the lodestar is warranted.  *See Maciejczyk v. You Fit, Inc.*, Case No. 8:12-cv-1462-T-27MAP,

2014 WL 585067, at *5-7 (M.D. Fla. Feb. 12, 2014) (reducing lodestar in a FLSA case, in part, because plaintiff rejected a Rule 68 offer and unsuccessfully pursued a collective action, only to later settle her FLSA claims for the same amount offered in the Rule 68 offer).  Specifically, the undersigned finds that an 80% reduction of the lodestar is appropriate under the circumstances of this case.  This reduction reasonably accounts for Plaintiff's rejection of the Offer of Judgment, the amount of work Plaintiff's counsel spent pursuing the collective action, and Plaintiff's failure to obtain certification of the collective action.  Therefore, the undersigned finds that Plaintiff is entitled recover a total of $4,095.00 in reasonable attorney fees.

**B.  Costs.**

Plaintiff requests an award of $486.40 in costs.  Doc. 56 at 12-13.  Specifically, Plaintiff seeks the following costs:

| Item | Cost |
| --- | --- |
| [F]iling fee | $400.00 |
| [D]ocket retrieval | $83.40 |
| 1st Interrogatory | $1.20 |
| 1st [R]equest for [P]roduction | $1.00 |
| [A]mended 1st [R]equest for [P]roduction | $0.80 |

*Id.*  Plaintiff represents that Defendants do not oppose his request for costs.  Doc. 56 at 12 n.10, 13.  This is not entirely accurate.  Defendants do not oppose Plaintiff's requests for costs incurred prior to the Offer of Judgment being served.  *See* Doc. 57 at 7.  Thus, Defendants concede that Plaintiff is entitled to recover the filing fee.  Defendants, however, argue that Plaintiff should not recover any costs incurred after the Offer of Judgment was served, because the final judgment was less favorable than the Offer of Judgment.  *Id.*  Therefore, the undersigned will consider whether Plaintiff is entitled to recover the costs he incurred after the Offer of Judgment was served.

It appears Plaintiff seeks costs associated with making copies of the docket, interrogatories, and requests for production. *See* Docs. 56 at 13; 56-2 at 3. The FLSA permits the prevailing party to recover the costs set forth in 28 U.S.C. § 1920. 29 U.S.C. § 216(b); s*ee Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988) (finding that "nothing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C.A § 1920"). The cost of making copies is generally recoverable where the copies are necessarily obtained for use in the case. 28 U.S.C. § 1920(4). The party seeking costs must provide sufficient detail and documentation regarding the requested costs so that the opposing party may challenge the costs and so the court may conduct a meaningful review of the costs. *Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000). The failure to provide sufficient detail or supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs. *Pelc v. Nowak*, Case No. 8:11-cv-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013) (citing *Johnson v. Mortham*, 173 F.R.D. 313, 318 (N.D. Fla. 1997)).

The undersigned finds that Plaintiff is not entitled to recover any of his copying costs. First, Plaintiff provides no explanation or evidence identifying what he copied from the docket, and why those copies were necessarily obtained for use in the case. *See* Docs. 56; 56-2 at 1-3. Thus, it is unclear whether the copies of documents from the docket were necessarily obtained for use in the case, or for counsel's convenience. *See Cadle v. Geico Gen. Ins. Co.*, Case No. 6:13-cv-1591-Orl-31GJK, 2015 WL 4352048, at *8 (M.D. Fla. July 14, 2015) (finding cost of copies made for counsel's convenience are not recoverable). Therefore, Plaintiff should not recover costs for making copies of documents on the docket. *See Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008) (finding costs for "unspecified copying" that did "not allow

the court to determine whether the documents were necessarily obtained for use in the case" were not recoverable under § 1920).

Second, Plaintiff is precluded from recovering costs incurred after the Offer of Judgment was served, pursuant to Rule 68, Federal Rules of Civil Procedure.  That rule provides, in relevant part, that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  Fed. R. Civ. P. 68(d).  Therefore, if a party's offer of judgment turns out to be more favorable than the final judgment, the party who rejected the offer is precluded from recovering the costs he or she incurred after the offer was made.  *See id.*; *see also Stanczyk v. City of New York*, 990 F. Supp. 2d 242, 253 (E.D.N.Y. 2013) (only awarding prevailing plaintiff costs incurred prior to rejection of Rule 68 offer that was more favorable than final judgment).  The final judgment, which awarded Plaintiff a total of $58.40 in damages and his reasonable attorney fees and costs, was less favorable than the Offer of Judgment, which offered a total of $60.00 in damages and an award of reasonable attorney fees and costs.  Thus, Plaintiff is not entitled to recover any costs he incurred after the Offer of Judgment was served, *i.e.*, November 16, 2015.  *See* Fed. R. Civ. P. 68(d).  The record reveals that the costs of making copies of written discovery was incurred after the Offer of Judgment was served, *see* Docs. 35 at 4-5; 41 at 2-3, and, thus, are not recoverable.[6]  Therefore, the undersigned finds Plaintiff is entitled to recover the filing fee, but should not recover any other costs.

---

[6] There is nothing in the record indicating that the parties engaged in discovery prior to the Offer of Judgment being served.

III.     **CONCLUSION**.

Accordingly, it is **RECOMMENDED** that:

1.   The Amended Motion (Doc. 56) be **GRANTED** to the extent that Plaintiff be awarded $4,095.00 in attorney's fees and $400.00 in costs.

2.   Otherwise, the Amended Motion (Doc. 56) be **DENIED**.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 22, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy